Abbe David Lowell (admitted PHV)
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100

Angela Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Tel.: (213) 615-1924
Fax: (213) 615-1750

*Counsel for Defendant
Robert Hunter Biden*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT HUNTER BIDEN<br><br>　　　　Defendant. | **Case No. 2:23-cr-00599-MCS**<br><br>**DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER TO MODIFY PRETRIAL MOTIONS DEADLINE**<br><br>[*Filed concurrently with Declaration of Abbe David Lowell; and [Proposed] Order*] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Local Rule 7-19, Defendant Robert Hunter Biden, by and through his counsel, respectfully applies to this Court for an Order extending the deadline to file pretrial motions set by the Court during the status conference held on January 11, 2024.  (Minute Order, 1/11/2024.)  Mr. Biden respectfully requests that the Court (1) grant Mr. Biden's request to only file pretrial motions that are unique and tailored to the California prosecution and indictment, and allow the Delaware court to rule on the motions to dismiss that are fully briefed and pending in the District of Delaware matter before filing any of those motions with this Court; (2) grant a three-week extension of the deadline to file such unique pretrial motions until Tuesday, March 12, 2024; and (3) schedule a status conference with the parties in April to determine the status of all pending motions.  Neither party would be prejudiced by doing so, the requests will conserve both judicial and party resources, and this is Mr. Biden's first request to modify the schedule for pretrial motions.

This application is based on the attached Memorandum, [Proposed] Order, the Declaration of Abbe David Lowell ("Lowell Decl."), and the related minute entries in this case.  The United States is represented by Office of Special Counsel (the "prosecution"), whose name, address, telephone number, and email address are as follows:

> Mr. Leo J. Wise, Special Assistant U.S. Attorney
> Mr. Derek E. Hines, Special Assistant U.S. Attorney
> Office of Special Counsel David C. Weiss
> 950 Pennsylvania Avenue, NW, Room B-200
> Washington DC 20530
> Tel: 771-217-6091
> Email: LJW@usdoj.gov
> Email: deh@usdoj.gov

On February 1, 2024, Mr. Biden's counsel requested a phone call with the prosecution to discuss the issue of motions and the schedule in this case.  When there was no response, Mr. Biden's counsel again reached out on February 7, 2024 concerning the

requested motion. During a call with the prosecution on February 7, 2024 at 2:30 PM EST, Mr. Biden's counsel informed the prosecution of this request and the instant ex parte application. (Lowell Decl., ¶ 3.) On February 8, 2024, at 12:00 PM EST, the prosecution followed up to inform Mr. Biden's counsel that it opposes Mr. Biden's request to file only those pretrial motions unique and tailored to the California prosecution and for a three-week extension of the deadline. (Lowell Decl., ¶ 4.) This application and supporting papers will be served electronically on all counsel of record.

Dated: February 8, 2024                    Respectfully submitted,

By: /s/ Angela Machala
Angela Machala (SBN: 224496)
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.: (213) 615-1924
Fax: (213) 615-1750

Abbe David Lowell (*admitted PHV*)
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

*Counsel for Robert Hunter Biden*

## MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION

## LEGAL STANDARD

"A party seeking ex parte relief must demonstrate: (1) the moving party is without fault in creating the crisis that requires ex parte relief or the crisis occurred as a result of excusable neglect; and (2) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Altair Instruments, Inc. v. Telebrands Corp.*, 2020 WL 6106821, at *2 (C.D. Cal. July 10, 2020) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).

## ARGUMENT

The relief requested is necessary to preserve Mr. Biden's ability to defend himself effectively without suffering prejudice in this matter, will serve the goal of preserving judicial and parties' resources, and will not prejudice the prosecution. Waiting for the Delaware court to rule on the pending motions before it—before those motions are briefed here—allows the parties to address the Delaware court's rulings and this Court to benefit from being able to consider the Delaware court's reasoning. (Lowell Decl., ¶ 7.)

The current deadline for Mr. Biden to file pretrial motions is Tuesday, February 20, 2024. As of January 30, 2024, Mr. Biden's motions to dismiss the three-count indictment against him in Delaware are now fully briefed and pending before that court.[1] The outcome of those motions could very well impact (or even dispose of) the case before Your Honor. Therefore, Mr. Biden requests this Court's permission to file by the deadline being requested only those pretrial motions that are unique and tailored

---

[1] These motions include: Mr. Biden's motion to dismiss the indictment based on immunity conferred by his diversion agreement; his motion to dismiss for failure to charge a constitutionally permissible offense; his motion to dismiss because Special Counsel Weiss was unlawfully appointed and the prosecution violates the Appropriations Clause; his motion to dismiss for selective and vindictive prosecution and breach of separation of powers; and his motion for discovery and an evidentiary hearing regarding his motions to dismiss the indictment.

to the California prosecution and indictment, while the Delaware motions to dismiss remain pending.[2]   "[W]hen cases between the same parties raising the same issues are pending in two or more federal districts, the forum of the first-filed action should generally be favored."   *Heieck v. Federal Signal Corp.*, 2019 WL 1883895, at *2 (C.D. Cal., Mar. 11, 2019).   This approach maximizes judicial economy, avoids the possibility of inconsistent judgments, and minimizes any unnecessary burden on the two Courts' or the parties' resources.   *See generally Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants."); *Heieck*, 2019 WL 1883895, at *2 ("The first-to-file rule aims to promote judicial efficiency and helps prevent the risk of inconsistent decisions.") (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)).[3]

Several additional factors warrant providing additional time. Due to the complexity and enormity of the discovery produced here, Mr. Biden seeks a three-week extension allowing him to file such California-specific motions by Tuesday, March 12, 2024. The prosecution recently produced more than 502,000 pages of additional discovery to the defense on January 9, 2024, which counsel is still reviewing. This

---

[2] This would mean, for instance, that Mr. Biden would not file in California the motions pending in Delaware to dismiss the indictment based on immunity conferred by his diversion agreement, to dismiss the indictment because Special Counsel Weiss was unlawfully appointed, to dismiss the indictment based on the unconstitutionality of the gun charges, or the exact same motion to dismiss for selective and vindictive prosecution.

[3] In an analogous context in civil procedure, under the "first filed" doctrine, when there are two actions involving the same parties pending concurrently in different judicial districts, the "first filed" case proceeds, and the second-filed case is either dismissed or stayed. *S&E Gourmet Cuts v. Omc*, 2017 U.S. Dist. LEXIS 228288, *7 (C.D. Cal. Feb. 14, 2017) (granting defendant's motion to stay pending Wisconsin court's adjudication of plaintiff's motion to dismiss); *see also Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (first-to-file rule "generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions"). This rule is based on principles of judicial economy, comity, and an interest in avoiding duplicative litigation. While Mr. Biden does not seek a total stay or dismissal in this action with this request (and, in fact, intends to file several motions to dismiss in this Court while the Delaware motions are pending), we simply note that the same principles are applicable here with respect to this Court waiting for the Delaware court to rule in the pending motions before it.

discovery could implicate a series of complex motions to dismiss that Mr. Biden's counsel is now weighing concerning charging and procedural defects (e.g., statutes of limitations, venue, and multiplicity) in the tax charges.

Additional discovery from the prosecution may be forthcoming. Following review of the prosecution's oppositions to the motions filed in Delaware and our subsequent filing of a motion to compel discovery there, on February 5, 2024, Mr. Biden's counsel sent the prosecution a discovery letter requesting the production of many categories of other documents and indictment particulars that had not been provided. In response, the prosecution may produce additional materials that could impact the motions to dismiss Mr. Biden is considering.

Mr. Biden also requests this brief extension until March 12, 2024 due to a number of other filing deadlines and hearings scheduled this month in several of Mr. Biden's other cases and proceedings (as the same attorneys working on this case are the ones involved in Mr. Biden's other cases and matters). Specifically, oppositions to motions to dismiss two of the civil cases pending in California are due at the end of February, a hearing in Delaware state court on pending dispositive motions in a civil case filed there is scheduled for February 22, and the U.S. House of Representatives has scheduled Mr. Biden's deposition as part of its impeachment inquiry for February 28.

Additionally, one of defense counsel's team members who was taking the initial responsibilities for the pretrial motions to be filed in the California case suffered an unexpected death in her family late last week. Accordingly, defense counsel would much appreciate a brief scheduling accommodation by the Court.

Lastly, on February 7, 2024, Mr. Biden's counsel reached out to the prosecution by e-mail to request a phone call to discuss the motions and filing schedule in this case. Following a phone call between the prosecution and Mr. Biden's counsel on February 7, the prosecution notified Mr. Biden's counsel via e-mail on February 8, 2024 that the prosecution opposes Mr. Biden's requests contained in the instant Ex Parte Application.

For the same reasons, Mr. Biden also requests that the Court adjust other scheduling dates set during the January 11, 2024 status conference to reflect the requested 3-week continuance of the deadline for filing pretrial motions. Mr. Biden requests that the Court hold a status conference with the parties in April 2024 to determine the status of all pending motions, including any that may still be pending in Delaware.

Mr. Biden's case will be irreparably prejudiced if this motion is heard according to regular noticed motion procedures, as the current deadline for filing pretrial motions (February 20, 2024) is one day after the 7-day period for the next-available date to hear regularly noticed motions (February 19, 2024).

Accordingly, Mr. Biden respectfully request that the Court (1) grant Mr. Biden's request to only file pretrial motions that are unique and tailored to the California prosecution and indictment, and allow the Delaware court to rule on the pending motions to dismiss before it; (2) grant a three-week extension of the deadline to file such pretrial motions until Tuesday, March 12, 2024; and (3) schedule a status conference with the parties in April 2024 to determine the status of all pending motions.

| | |
|---|---|
| Dated: February 8, 2024 | Respectfully submitted, |
| | By: */s/ Angela Machala* |
| | Angela Machala (SBN: 224496) |
| | WINSTON & STRAWN LLP |
| | 333 South Grand Avenue |
| | Los Angeles, CA 90071 |
| | Tel.: (213) 615-1924 |
| | Fax: (213) 615-1750 |
| | |
| | Abbe David Lowell (*admitted PHV*) |
| | WINSTON & STRAWN LLP |
| | 1901 L Street NW |
| | Washington, DC 20036 |
| | Tel.: (202) 282-5000 |
| | Fax: (202) 282-5100 |
| | AbbeLowellPublicOutreach@winston.com |
| | |
| | *Counsel for Robert Hunter Biden* |

# CERTIFICATE OF SERVICE

Case No. 2:23-cr-00599-MCS

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1901 L Street NW, Washington, DC 20036.

On February 8, 2024, I served the following document(s) described as

**DEFENDANT'S EX PARTE APPLIATION FOR AN ORDER TO MODIFY PRETRIAL MOTIONS DEADLINE; DECLARATION OF ABBE DAVID LOWELL IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER TO MODIFY PRETRIAL MOTIONS DEADLINE; and [PROPOSED] ORDER**

**SEE ATTACHED LIST**

☒  BY ECF: by electronically filing the document(s) listed above using the Court's CM/ECF System, in accordance with the applicable Federal Rules of Civil Procedure and the Local Rules of this Court. A Notice of Electronic Filing (NEF) will be automatically generated by the CM/ECF system and sent by e-mail to all attorneys who have appeared in this case.

Executed on February 8, 2024, at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

P. Waters
Patty Watters

# SERVICE LIST

Case No. 2:23-cr-00599-MCS

| | |
|---|---|
| Leo J. Wise<br>Derek E. Hines<br>United States Department of Justice<br>Office of Special Counsel David C. Weiss<br>950 Pennsylvania Avenue NW<br>Room B-200<br>Washington, DC 20530 | **Telephone**: (771) 217-6091<br>**Email(s)**:  ljw@usdoj.gov<br>            deh@usdoj.gov |