Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

Abbe David Lowell (*pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone:   (202) 282-5000
Facsimile:   (202) 282-5100

Attorneys for Robert Hunter Biden

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   vs.<br><br>ROBERT HUNTER BIDEN,<br><br>          Defendant. | **Case No. 2:23-cr-00599-MCS-1**<br><br>*Hon. Mark C. Scarsi*<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE INDICTMENT BECAUSE SPECIAL COUNSEL WEISS WAS UNLAWFULLY APPOINTED AND THIS PROSECUTION VIOLATES THE APPROPRIATIONS CLAUSE**<br><br>Hearing Date:   March 27, 2024<br>Time:                 1:00 PM<br>Place:                Courtroom 7C |

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

TO: SPECIAL COUNSEL DAVID WEISS, PRINCIPAL SENIOR ASSISTANT SPECIAL COUNSEL LEO J. WISE, SENIOR ASSISTANT SPECIAL COUNSEL DEREK E. HINES

PLEASE TAKE NOTICE that on March 27, 2024, at 1:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of Honorable Mark C. Scarsi, Defendant Robert Hunter Biden, by and through his attorneys of record, will, and hereby does, respectfully move this Court for an order dismissing the Indictment as it was brought by an unauthorized Special Counsel in violation of 28 C.F.R. § 600.3 and because Congress has not appropriated funds for this investigation and prosecution in violation of the Appropriations Clause.

Mr. Biden's motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings, papers, and documents on file with the Court, the oral arguments of counsel, and such other matters as the Court may deem proper to consider.

Dated:  February 20, 2024           Respectfully submitted,

WINSTON & STRAWN LLP


By: */s/ Angela M. Machala*
Angela Machala
Abbe David Lowell
Christopher D. Man

*Attorneys for Robert Hunter Biden*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................1

ARGUMENT ....................................................................................2

I.   MR. WEISS WAS UNLAWFULLY APPOINTED SPECIAL
COUNSEL ..............................................................................2

A. Mr. Weiss Is Ineligible To Be Appointed Special Counsel ......................2

B. DOJ Is Bound By Its Own Regulations........................................4

II.  DOJ VIOLATES THE APPROPRIATIONS CLAUSE BY
FUNDING THIS SPECIAL COUNSEL'S INVESTIGATION AND
PROSECUTIONS................................................................6

CONCLUSION ................................................................................8

i

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR UNLAWFUL APPOINTMENT OF THE SPECIAL COUNSEL AND
IN VIOLATION OF THE APPROPRIATIONS CLAUSE - CASE NO. 2:23-CR-00599-MCS-1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*United States ex rel. Accardi v. Shaughnessy,*
  347 U.S. 260 (1954)................................................................5, 6

*Andriasian v. INS,*
  180 F.3d 1033 (9th Cir. 1999) ..............................................5

*Bond v. United States,*
  564 U.S. 211 (2011)................................................................8

*Collins v. Yellin,*
  141 S. Ct. 1761 (2021)............................................................8

*Mine Reclamation Corp. v. FERC,*
  30 F.3d 1519 (D.C. Cir. 1994)..............................................5

*Office of Personnel Mgmt. v. Richmond,*
  496 U.S. 414 (1990)................................................................7

*Service v. Dulles,*
  354 U.S. 363 (1957)................................................................6

*Sheila Law LLC v. Consumer Fin. Protec. Bureau,*
  140 S. Ct. 2183 (2020)............................................................8

*U.S. Dept. of Navy v. Fed. Labor Relations Auth.,*
  665 F.3d 1339 (D.C. Cir. 2012)..............................................7

*United States v. Biden,*
  No. 1:23-cr-00061-MN (D. Del. 2023) ................................1

*United States v. McIntosh,*
  833 F.3d 1163 (9th Cir. 2016) ..............................................2, 8

*United States v. Nixon,*
  418 U.S. 683 (1974)................................................................5, 6

*United States v. Pisarski,*
  965 F.3d 738 (9th Cir. 2020) ................................................2, 8

*Vitarelli v. Seaton,*
    359 U.S. 535 (1959)..................................................................................6

**Statutes**

28 U.S.C. § 509 ..........................................................................................6

28 U.S.C. § 510 ..........................................................................................6

28 U.S.C. § 515 ..........................................................................................6

28 U.S.C. § 533 ..........................................................................................6

28 U.S.C. § 591 .......................................................................................6, 7

28 U.S.C. § 593(b)(2)..................................................................................4

28 U.S.C. § 599 ..........................................................................................6

31 U.S.C. § 1301(d) ....................................................................................8

**Other Authorities**

28 C.F.R. § 600.3 ................................................................................1, 2, 4

64 FR 37038-01 (July 9, 1999) ...................................................................4

Pub. L. 100–202 § 101(a) (1987)................................................................6

U.S. Dep't of Just. Order No. 5730-2023 (Aug. 11, 2023)....................2, 7

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **INTRODUCTION**[1]

This prosecution is not legally authorized because David Weiss was unlawfully appointed as Special Counsel and Congress has not appropriated funds for this investigation and prosecution.  In appointing Mr. Weiss as Special Counsel, Attorney General Merrick Garland explained: "Mr. Weiss will also continue to serve as U.S. Attorney for the District of Delaware," and Mr. Weiss has done so.[2]  That appointment is flatly precluded by the Department of Justice's own regulations setting the "Qualifications of the Special Counsel," which provide: "The Special Counsel *shall* be selected from *outside* the United States Government."  28 C.F.R. § 600.3 (emphasis added).

In addition to not being qualified to serve as Special Counsel, the Special Counsel's funding for this investigation and prosecution was not approved by Congress, which violates the Appropriations Clause.  *See* U.S. Const. art. I, § 9, cl. 7 ("No money shall be drawn from the Treasury, but in Consequences of Appropriations made by Law.").  This Special Counsel's Office was not funded by monies approved by Congress; rather, DOJ is admittedly funding the investigation from an unlimited account established in 1987 to pay for *independent* counsels.  *See Biden*, No. 1:23-cr-00061-MN (DE 72 at 2).  Mr. Weiss, however, is not an Independent Counsel, he is a Special Counsel, and that difference in authority alone is a major difference in terms of his independence. Compounding the problem, the Attorney General appointed one of his own subordinates to the Special Counsel position in violation of DOJ's own regulations requiring that the Special Counsel be selected from *outside* the government.  The whole point of that regulation is to provide for the Special Counsel's independence from the federal government.  Special Counsel Weiss is not an independent counsel subject to any valid

---

[1] This motion was raised and has been fully briefed in the gun-related felony prosecution the Special Counsel filed in Delaware.  *See United States v. Biden*, No. 1:23-cr-00061-MN (D. Del.) (DE 62, 72, 80.).

[2] Attorney General Merrick B. Garland Delivers A Statement (Aug. 11, 2023), https://www.justice.gov/opa/speech/attorney-general-merrick-b-garland-delivers-statement.

appropriation by Congress.  Accordingly, the Indictment should be dismissed as Special Counsel Weiss was not authorized to obtain the Indictment or prosecute this case.  *See, e.g.*, *United States v. Pisarski*, 965 F.3d 738, 743 (9th Cir. 2020) (affirming injunction against further prosecution because the prosecution violated the Appropriations Clause); *United States v. McIntosh*, 833 F.3d 1163, 1175 (9th Cir. 2016) ("[I]f DOJ were . . . drawing funds from the Treasury without authorization by statute[, it would thus be] violating the Appropriations Clause.  That Clause constitutes a separation-of-powers limitation that Appellants can invoke to challenge their prosecutions.").

## ARGUMENT

## I.   MR. WEISS WAS UNLAWFULLY APPOINTED SPECIAL COUNSEL

### A.   Mr. Weiss Is Ineligible To Be Appointed Special Counsel

DOJ's regulations setting the qualifications for a Special Counsel are explicit, and they have been violated here.  The regulation is not ambiguous: "The Special Counsel *shall* be selected from *outside* the United States Government."  28 C.F.R. § 600.3 (emphasis added).  That plainly—even admittedly—has not been met.  *See supra* n.2.

Attorney General Garland's appointment of Special Counsel Weiss highlights the irregularity.  Attorney General Garland's appointment explicitly stated: "Sections 600.4 to 600.10 of Title 28 of the Code of Federal Regulations are applicable to the Special Counsel."  DOJ Order 5730-2023 (Aug. 11, 2023).  These are the provisions of the Special Counsel regulations governing the scope of the authority and responsibilities of a Special Counsel.  It is striking that Attorney General Garland recognizes the applicability of these parts of the regulations that apply to the Special Counsel's actions, but not the very preceding section of the *same* regulations that restricts the Attorney General's authority to select who may be a Special Counsel.  In this regard, the Attorney General had no lawful basis to pick and choose what parts of an integrated regulation to apply.

The regulatory requirement specifying that the Special Counsel be someone chosen from *outside* the United States government also is an important provision, one imposed after careful deliberation.  After the Independent Counsel Reauthorization Act of 1994

2

expired in 1999, then-Attorney General Janet Reno replaced the procedures for appointing Independent Counsel with these new regulations for selecting a Special Counsel.

In crafting the role of both the Independent Counsel and Special Counsel, the central struggle was to strike the right balance between independence and accountability.  Where there is a conflict of interest within DOJ or a concern with political pressure within the government, independence is important, on the one hand.  On the other hand, there was a concern that too much independence could lead to a lack of supervision and accountability.

Congress and DOJ abandoned the Independent Counsel regime precisely because it afforded Independent Counsel too much independence.  Then-Deputy Attorney General Eric Holder testified before Congress that "nearly every living former attorney general" opposed reauthorizing the Independent Counsel statute, and he explained:

> [The Act] vests this immense prosecutorial power in an inferior officer who is not subject to the ordinary controls of any branch of government; and this officer is someone who has not been confirmed by the Senate and who, as former Attorney General Barr stated, is not subject to the same sort of oversight or budgetary constraints that the publicly accountable Department of Justice faces day in and day out. . . .   Independent counsel are largely insulated from any meaningful budget process, competing public duties, time limits, accountability to superiors and identification with the traditional long-term interests of the Department of Justice.  This insulation contributes greatly to the independence of these prosecutors, but it also eliminates the incentive to show restraint in the exercise of prosecutorial power.   [These factors] provide an impetus to investigate the most trivial matter to an unwarranted extreme. . . .  An independent counsel who does not indict faces criticism for wasting both his time and the taxpayers' good money.  As the old adage, adapted from Mark Twain, goes: To a man with a hammer, a lot of things look

like nails that need pounding."[3]

DOJ explained its regulations for the newly created Special Counsel position would strip the former Independent Counsel role of its independence where it mattered.  Despite providing limited discretion, DOJ explained: "Nevertheless, it is intended that ultimate responsibility for the matter and how it is handled will continue to rest with the Attorney General (or the Acting Attorney General if the Attorney General is personally recused in the matter); thus, the regulations explicitly acknowledge the possibility of review of specific decisions reached by the Special Counsel."  64 FR 37038-01 (July 9, 1999).

In creating a less independent Special Counsel role, DOJ's regulations still preserved the Independent Counsel Act's exclusion for those U.S. government employees. *Compare* 28 U.S.C. § 593(b)(2) ("[T]he court may not appoint as an independent counsel any person who holds any office of profit or trust under the United States."), *with* 28 C.F.R. § 600.3 ("The Special Counsel shall be selected from outside the United States Government.").  It defies all notions of independence from the government to appoint someone to either position who is not independent of the government, but a part of it.

## B.  DOJ Is Bound By Its Own Regulations

Although the Attorney General has broad statutory authority to appoint a Special Counsel, the Attorney General is bound by DOJ's own regulations as to who is qualified to be a Special Counsel.  An "agency must follow its own regulations; 'it is a well-settled rule that an agency's failure to follow its own regulations is fatal to the deviant act.'"  *Mine Reclamation Corp. v. FERC*, 30 F.3d 1519, 1524 (D.C. Cir. 1994) (citation omitted).  Even

---

[3] *The Independent Counsel Act, Hearing Before the Subcomm. on Commercial and Administrative Law, on the Judiciary*, 106th Cong. (Mar. 2, 1999) (Holder remarks), https://www.justice.gov/archive/dag/testimony/ictestimonydag.htm.  Mr.  Weiss's appointment as Special Counsel, rather than Independent Counsel, has not remedied these deficiencies.  After a five-year investigation, an agreement to resolve this dispute (after extensive negotiations where Mr. Weiss repeatedly moved the goal post at the last minute), Special Counsel Weiss buckled to political pressure critical of the deal that he struck and now he is attempting to renege on that deal.  He filed felony gun charges in Delaware and then, after being called before Congress where extremist Republicans berated him for not being more punitive, he then indicted Mr. Biden here on felony tax charges when, weeks earlier, he found two late payment misdemeanors sufficient.  Special Counsel Weiss's handling of this investigation has been unlike any other and it is worthy of criticism.

4

where the Attorney General's statutory authority is "relatively unconstrained," the government concedes when regulations have "constrained the Attorney General's exercise of discretion" due to the "'well-known maxim that agencies must comply with their own regulations.'" *Andriasian v. INS*, 180 F.3d 1033, 1046 & n.22 (9th Cir. 1999) (quoting *Ramon–Sepulveda v. INS*, 743 F.2d 1307, 1310 (9th Cir. 1984)).

In *United States v. Nixon*, 418 U.S. 683 (1974), the Supreme Court found the Attorney General bound by his own regulations concerning his appointment of the Watergate Special Prosecutor. President Nixon claimed the power as the head of the Executive Branch to derail the investigation into him or to order his Attorney General to do so, but the Court disagreed. The authority to represent the United States had been conferred upon the Attorney General who had delegated that authority to the Special Prosecutor, consistent with DOJ's regulations at the time. The Supreme Court explained:

> [I]t is theoretically possible for the Attorney General to amend or revoke the regulation defining the Special Prosecutor's authority. But he has not done so. So long as this regulation remains in force the Executive Branch is bound by it, and indeed the United States as the sovereign composed of the three branches is bound to respect and to enforce it.

*Id.* at 696.

That outcome was dictated by *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), a habeas case, where the petitioner challenged the Attorney General's violation of his rights under DOJ regulations to seek a suspension of his deportation. There, the Attorney General had—by regulation—delegated his authority on such matters to the Board of Immigration Appeals to decide, but the Attorney General subsequently expressed his view that petitioner's application be denied. The Court reversed the application's denial because "as long as the regulations remain operative, the Attorney General denies himself the right to sidestep the Board or dictate its decision in any manner." *Id.* at 267; *see also Nixon*, 418 U.S. at 696 ("The Court held [in *Accardi*] that so long as the Attorney General's regulations remained operative, he denied himself the

5

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR UNLAWFUL APPOINTMENT OF THE SPECIAL COUNSEL AND IN VIOLATION OF THE APPROPRIATIONS CLAUSE - CASE NO. 2:23-cr-00599-MCS-1

1   authority to exercise the discretion delegated to the Board even though the original
2   authority was his and he could reassert it by amending the regulations."). *Nixon* also cited
3   *Vitarelli v. Seaton*, 359 U.S. 535 (1959) (Secretary of the Interior could not discharge
4   employee without following his own procedural regulations), and *Service v. Dulles*, 354
5   U.S. 363 (1957) (same for Secretary of State), which echoed this principle.

6   The bottom line here is that DOJ's regulations flatly precluded Attorney General
7   Garland from appointing Mr. Weiss as Special Counsel. If the Attorney General no longer
8   wishes to be bound by those regulations, he should look into having them changed. Until
9   then, however, the regulations remain binding and should be enforced. Because the
10  Indictment in this case was filed by an unauthorized Special Counsel, it must be dismissed.

## II.   DOJ VIOLATES THE APPROPRIATIONS CLAUSE BY FUNDING THIS SPECIAL COUNSEL'S INVESTIGATION AND PROSECUTIONS

13  The funds spent on Special Counsel Weiss's investigation and prosecution of Mr.
14  Biden have not been appropriated by Congress as required by the Appropriations Clause.
15  DOJ is funding Special Counsel Weiss's investigation and prosecution through an
16  appropriation established in a Note to 28 U.S.C. § 591: "[A] permanent indefinite
17  appropriation is established within the Department of Justice to pay all necessary expenses
18  of investigations and prosecutions by *independent counsel* appointed pursuant to the
19  provisions of 28 U.S.C. 591 et seq. or other law." *See* Pub. L. 100–202, § 101(a) [title II],
20  Dec. 22, 1987 (emphasis added). Section 591 and other Independent Counsel regulations
21  expired in 1999. 28 U.S.C. § 599. Attorney General Garland's appointment of Special
22  Counsel Weiss relies on other law, 28 U.S.C. §§ 509, 510, 515 and 533, none of which
23  authorize the appointment of an independent counsel for purposes of the Section 591
24  independent counsel fund. Attorney General Garland, Order 5730-2023 (Aug. 11, 2023).

25  Special Counsel Weiss is not an *independent* counsel and that is by design. Again,
26  the word "independent" is used to create a structural prohibition by insisting that the
27  person not be a member of the federal government. This appropriation for "independent
28  counsel" was created in 1987, when everyone understood that "independent" referred to

6

Defendant's Notice of Motion and Motion to Dismiss for Unlawful Appointment of the Special Counsel and in
Violation of the Appropriations Clause - Case No. 2:23-cr-00599-MCS-1

the circumstances that then-existed concerning the role of an Independent Counsel and the appropriation's reference to "other law" would mean a role close to it in terms of independence. As noted above, the Special Counsel regulations adopted in 1999 were designed to eliminate that sort of independence by creating the new role of Special Counsel, which would not be independent. *See, e.g.*, Daniel Huff, *Robert Mueller Has A Money Problem*, Wall St. J. (Mar. 24, 2019), https://www.wsj.com/articles/robert-mueller-has-a-money-problem-11553468712 (explaining that the limited independence of a Special Counsel is not subject to the appropriation for independent counsel).

Not only did the Attorney General disregard the regulation requiring appointment of a Special Counsel from outside of the government; the Attorney General did not even select a Special Counsel from outside his own agency. Thus, Special Counsel Weiss has less independence than even the Special Counsel regulations were meant to confer. By choosing a subordinate from within DOJ, there is not even a veneer of independence. Mr. Weiss cannot be both "independent" of DOJ and a part of DOJ.

The Appropriations Clause is strictly enforced. *See, e.g.*, *U.S. Dept of Navy v. Fed. Labor Relations Auth.*, 665 F.3d 1339, 1342 (D.C. Cir. 2012) (Kavanaugh, J.,) ("Decisions of the Supreme Court and this Court have strictly enforced the constitutional requirement, implemented by federal statutes, that uses of appropriated funds be authorized by Congress."). The Clause conveys a "straightforward and explicit command": No money "can be paid out of the Treasury unless it has been appropriated by an act of Congress." *Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 424 (1990) (citations omitted). An appropriation must be expressly stated; it cannot be inferred or implied. 31 U.S.C. § 1301(d) ("A law may be construed to make an appropriation out of the Treasury . . . only if the law specifically states that an appropriation is made."). A prosecution brought in violation of the Appropriations Clause must be dismissed. *See, e.g.*, *Pisarski*, 965 F.3d at 741; *McIntosh*, 833 F.3d at 1174; *see also Collins v. Yellin*, 141 S. Ct. 1761, 1781 (2021) ("As we have explained on many prior occasions, the separation of powers is designed to preserve the liberty of all the people... So whenever a separation-of-powers violation

occurs, any aggrieved party with standing may file a constitutional challenge"); *Sheila Law LLC v. Consumer Fin. Protec. Bureau*, 140 S. Ct. 2183, 2196 (2020) (defendant could challenge enforcement action where agency lacked authority under the Appointments Clause); *Bond v. United States*, 564 U.S. 211, 220 (2011) (defendant could challenge indictment on federalism grounds). As the subject of an unauthorized and improperly funded prosecution, Mr. Biden surely has standing to challenge this ultra vires Indictment.

## CONCLUSION

This Indictment was brought by an unauthorized Special Counsel with funds that were not appropriated by Congress. The Court should dismiss the Indictment.

Date: February 20, 2024                    Respectfully submitted,

By: */s/ Angela M. Machala*
Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile:  (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone : (202) 282-5000
Facsimile:   (202) 282-5100

*Attorneys for Robert Hunter Biden*