DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6091
    E-mail: Leo.Wise@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HUNTER BIDEN,<br><br>Defendant. | No. CR 23-cr-00599-MCS<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT 1 AS UNTIMELY, OR ALTERNATIVELY, DISMISS ALL COUNTS FOR FAILURE TO STATE CLAIM AND LACK OF SPECIFICITY<br><br>Hearing Date: March 27, 2024<br>Hearing Time: 1:00 p.m.<br>Location:    Courtroom of the<br>    Hon. Mark C. Scarsi |

Plaintiff United States of America, by and through its counsel, hereby opposes the defendant's motion to dismiss Count 1 as untimely, or alternatively, dismiss all counts for failure to state a claim (Dkt. 29) (the "Motion").

//

//

//

This opposition is based upon the attached memorandum of points and authorities, the filings and records in this case, and any further argument as the Court may deem necessary.

Dated:  March 8, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

LEO J. WISE
Principal Senior Assistant Special Counsel

_____
DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Count 1 of the Indictment charges that the defendant's willful failure to pay his 2016 individual income taxes occurred in June 2020, when he untimely filed his 2016 Form 1040. The defendant claims that this constitutes "artful pleading," as the defendant asserts that the government should have alleged that the crime occurred in April 2017, when the 2016 taxes were due, but claims, without evidence, that it did not do so to avoid a statute of limitations problem. While the defendant accuses the government of charging Count 1 in order to avoid a statute of limitations problem, the defendant failed to disclose that he signed two tolling agreements that extended the statute of limitations as to the 2016 failure to pay offense to April 2024, well beyond the date of indictment. It is the defendant, and not the government, who has engaged in gamesmanship. If the government had wanted to charge failure to pay the 2016 tax year in 2017, the tolling agreements the defendant signed would have allowed the government to do so. Instead, as will be described in more detail below, the government charged the case when willfulness arose, based on the facts and circumstances specific to the defendant's failure to pay for the 2016 tax year.

Additionally, the defendant's motion should be denied because the Indictment alleges that the offense occurred in June 2020. At this stage in the proceedings, those allegations must be accepted as true. In bringing his motion, the defendant asks the Court to act as a finder of fact. That is something only a jury at trial can do.

Further, to the extent that the defendant argues, as a legal matter, that he could not have acted willfully at a time after taxes were due, he is wrong. The Ninth Circuit has embraced the concept of late-arising willfulness in the context of tax crimes; indeed, the defendant's motion even cites the leading case.

Finally, the defendant misapplies the law and argues that the Indictment should be dismissed in its entirety. The argument fails because it rests on a fundamental misunderstanding of both the Indictment and the law regarding willfulness.

## II. FACTS

The first count of the Indictment, which charges a willful failure to pay tax for tax year 2016, alleges facts that are distinct to that tax year and different from the other tax years charged in the Indictment. In 2016, the defendant earned sufficient income to trigger the obligation to file an individual income tax return. Dkt. 1 ¶¶ 50-51 During the 2016 tax year, the defendant's company, Owasco, PC, paid him a salary and regularly withheld and paid over tax to the Treasury. *Id.* ¶¶ 28, 70. Furthermore, in April 2016 the defendant made a quarterly payment of estimated tax to the IRS. *Id.* ¶ 53

In or about April 2017, the defendant timely requested an automatic extension to file that return, though he ultimately did not do so within the time granted. *Id.* ¶ 52 At the time he filed the extension, the defendant's return preparer advised him that he likely would owe an additional $26,000 in tax. *Id.* ¶¶ 53-54 In October 2017, the Defendant's return preparer prepared a 2016 Form 1040 and other returns for the defendant. *Id.* ¶ 55 Business Associate 4, the defendant's business partner, reviewed the returns and sent an email apprising the defendant that the finalized returns were at the defendant's office and that the defendant should sign and mail them. *Id.*

At that point, as to the 2016 Form 1040, the defendant manifested some intent to file the return and pay the taxes due.

In November 2017, the defendant sent Business Associate 4 an email that appeared to indicate that he understood the return had not been filed and that his ex-wife would need to sign the return before it was filed. *Id.* ¶ 56. The defendant subsequently brought the 2016 Form 1040 to his ex-wife so she could sign it. *Id.* ¶ 57. The defendant's ex-wife reviewed the return and returned an executed copy to the defendant. *Id.*

The defendant subsequently appears to have formed a subjective belief, regardless of evidence to the contrary, that he filed the 2016 Form 1040 and paid the taxes due. In March 2018, the defendant's ex-wife informed the defendant that she found the unfiled returns, with checks attached, in his automobile. *Id.* ¶ 58. The defendant insisted that the

returns had been filed, claiming "[t]he taxes are filed those were copies with [Personal Assistant 1]'s notes." *Id.* The defendant appeared to hold fast to his belief that he had filed his 2016 Form 1040 and paid his 2016 individual income taxes until January 2020 when his recently retained return preparers contacted the IRS and learned that the 2016 Form 1040 had not been filed. *Id.* ¶ 62. The accountants subsequently prepared a 2016 Form 1040 showing a tax due and owing of $45,661. The defendant submitted the return to the IRS in June 2020, and made no payment at that time, even though he knew there was a tax due and owing, had funds available to pay some or all of the tax due, and had the benefit of a third-party subsidizing many of his other expenses. *Id.* ¶¶ 62-64. The Indictment alleges that the crime of willful failure to pay the 2016 taxes thus occurred on June 12, 2020, at the time he submitted the delinquent return without payment. *Id.* ¶ 65

## III.  LEGAL STANDARD

The Federal Rules require that an Indictment "state the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against which he must defend and to enable him to plead double jeopardy." *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000). When presented with a motion to dismiss an indictment for failure to state an offense, the Court is "bound by the four corners of the indictment" and "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (citing *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)).

Count 1 charges willful failure to pay, in violation of 26 U.S.C. Sec. 7203. The Ninth Circuit has identified two elements for this offense: "(1) willfulness and (2) failure to pay the tax when due." *United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987); *see also United States v. Tucker*, 686 F.2d 230, 232 (5th Cir. 1982) (articulating the elements of the Section 7203 offense as: (1) the defendant had a duty to pay a tax; (2) the defendant did not pay the tax; and (3) the failure to pay was willful).

The statute of limitations for a willful failure to pay offense is six years. 26 U.S.C. Sec. 6531(4). As willful failure to pay is not a continuing offense, the statute of limitations begins to run when all of the elements are present and the crime has been completed. The Ninth Circuit has expressly held that, for a willful failure to pay charge, "[t]he period of limitation begins to run not when the taxes are assessed or when payment is demanded, but rather when the failure to pay the tax becomes willful - an essential element of the crime." *United States v. Andros*, 484 F.2d 531, 532 (9th Cir. 1973), effectively overruled on other grounds by *United States v. Easterday*, 564 F.3d 1004, 1005 (9th Cir. 2009).

## IV. ARGUMENT

### A. The Motion Should Be Denied as it Omits Facts Essential to the Argument that Undermine the Motion

The defendant argues that Count 1, which charges the defendant with failure to pay his 2016 individual income taxes, should be dismissed as a matter of law because the statute of limitations bars prosecution. The government will let the defendant speak for himself:

> Count 1 of the Indictment is defective for many reasons. It charges Mr. Biden under 26 U.S.C. § 7203 with willfully failing to pay all his 2016 taxes that were due on or before April 18, 2017. (Indict. ¶¶ 60, 65.)[1] The statute of limitations (SOL) for Section 7203 runs six years from an alleged willful failure to pay taxes. That means this charge was barred after April 18, 2023, and thus Count 1 (filed in December 2023, eight months too late) must be dismissed.

Motion at 1.

Nowhere in his motion does the defendant inform the Court that the defendant entered into two separate agreements that specifically tolled the statute of limitations as to tax offenses. In July 2021, the defendant and his former counsel signed an agreement tolling the statute of limitations for tax offenses from July 1, 2021, to March 1, 2022. *See*

4

Exh. 1 ("2021 Tolling Agreement"). In March 2022, the defendant and his former counsel signed a second tolling agreement that further tolled the statute of limitations from March 2, 2022, through June 15, 2022. *See* Exh. 2 ("2022 Tolling Agreement"). The agreements specifically tolled the statute limitations as to potential violations of the willful failure to pay statute and did so prior to the time that the 2016 failure to pay offense would have been time barred. The relevant language of the agreements is as follows:

> 1. The parties agree and understand that Mr. Biden and his affiliated businesses are the subject of a criminal investigation by the United States relating to potential violations of federal law, including but not limited to:
>
>    A. Willful failure to file a return or pay tax, in violation of 26 U.S.C. § 7203
>
>    B. Tax evasion, in violation of 26 U.S.C. § 7201;
>
>    C. Filing a false tax return, in violation of 26 U.S.C. § 7206(1); and
>
>    D. Assisting in the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2).
>
> 2. In order to provide Mr. Biden with an opportunity to present information to the Government and to engage in discussions and the exchange of information with the Government in connection with this investigation, Mr. Biden, individually and on behalf of the affiliated businesses, hereby knowingly and voluntarily waives and foregoes any and all defenses to the charges described in Paragraph 1 above, based on the expiration of the statute of limitations during the tolling period. Mr. Biden has discussed this matter with counsel, fully understands the consequences of this waiver, and agrees to it herein.

Taken together, the tolling agreements extended the statute of limitations for all possible offenses by 349 days. Even assuming that the defendant's failure to pay his 2016 individual income taxes became willful in April 2017, the statute of limitations would not bar prosecution of that offense until April 1, 2024.

The defendant's entire motion rests on the assertion that the <u>only reason</u> that Count 1 of the Indictment alleged that the defendant committed the 2016 failure to pay offense in June 2020, and not April 2017, was because the statute of limitations barred prosecution

5

if the offense occurred at the earlier date. Having shown that the premise is false, and the defendant failed to disclose facts known to him that show his premise is false, the Court should deny the motion.

### B. The Indictment Properly Alleges a Timely Offense

"[T]he issue in judging the sufficiency of the indictment is whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982). Further, "in determining whether an indictment charges a cognizable offense, [the Court is] bound by the four corners of the indictment," "must accept the truth of the allegations" contained therein, and "cannot consider evidence that does not appear on the face of the indictment." *See United States v. Kelly*, 874 F.3d 1037, 1047 (9th Cir. 2017). "Because it is a drastic step, dismissing an indictment is a disfavored remedy." *United States v. Rogers*, 751 F.2d 1074, 1076 (9th Cir. 1985). A motion to dismiss an indictment can only be determined before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.,* 785 F.2d 1448, 1452 (9th Cir. 1986).

The defendant's motion fails because Count 1 comports with the requirements of Rule 7(c)(1) as it contains a fulsome "statement of the facts and circumstances that . . . inform[s] the accused of the specific offense[s] with which he is charged" and sets forth all elements for the charged offense, including willfulness. *United States v. Blinder*, 10 F.3d 1468, 1476 (9th Cir. 1993) (citation omitted).

That having been said, statutory sufficiency and proper notice are not the defendant's pursuit. Rather, he seeks to have the Court make a factual determination that the defendant committed the offense in April 2017, not June 2020 as alleged in the Indictment. For example, the defendant asks the Court to conclude that he became willful in 2017 because, among other things: he made tax payments in 2016, his return preparer advised him in April 2017 that he would owe tax for the 2016 year, and his business

6

associates advised him of the same. Motion 13-14. The defendant takes this position because the earlier date supposedly makes the count untimely, but as explained above, had the government chosen to charge the earlier date, the tolling agreements would have allowed for it. If the defendant argues at trial that willfulness occurred in April 2017, he will not be able to argue variance or that the count is time-barred. That is because any such variance could not be prejudicial, as the defendant would be the one injecting it into the case. *See e.g., United States v. Duran*, 189 F.3d 1071, 1075 (9th Cir. 1999) (concluding that a variance in proof between the single conspiracy alleged in the indictment and the two conspiracies shown at trial did not prejudice defendants' substantial rights).

In any event, the defendant's request to dismiss Count 1 is contrary to Ninth Circuit precedent holding that while Rule 12(b) motions can be appropriate to consider legal issues, such as statute of limitations, *see United States v. Smith*, 866 F.2d 1092, 1096 n. 3 (9th Cir. 1989), legal issues "intermeshed with questions going to the merits" must be reserved for trial. *See United States v. Nukida*, 8 F.3d 665, 670 (9th Cir. 1993). The Motion should be denied as any determination by the Court of when willfulness was formed and whether tolling agreements extended the limitations period would require the Court to impermissibly make findings of fact.

### C. The Indictment Properly Pleads Late-Arising Willfulness

To the extent that the defendant contends that his conduct could not have become willful for the failure to pay offense after the time that the taxes were due, his position is contrary to Ninth Circuit precedent. Willfulness in criminal tax violations is a "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991). Willfulness is a subjective, fact-specific inquiry that focuses on the subject's state of mind. *Id.* at 201-202. In *Andros*, which was cited by the defendant but otherwise ignored, willfulness arose after the time payment was due because it was only later that the defendant had sufficient funds to pay, as required by the Ninth Circuit's law at the

7

time. 484 F.2d at 533. Although the "ability to pay" requirement has been overruled by the Supreme Court's clarification of what constitutes willfulness, the concept of late-occurring willfulness remains sound. In *Easterday*, the Ninth Circuit recognized that Supreme Court precedent had overruled its "requirement that the government prove that the taxpayer had sufficient funds to pay the tax" to show willfulness. 564 at 1005. In recognizing the elimination of the "ability to pay" requirement, *Easterday* said nothing about the late-arising willfulness holding of *Andros*, which is nothing more than an application of the basic rule that "[a] crime is complete as soon as every element in the crime occurs." *United States v. Musacchio*, 968 F.2d 782, 790 (9th Cir. 1991).

*Andros's* recognition of late-arising willfulness is not an outlier in this regard. Other courts agree with the Ninth Circuit's holding that willfulness may arise later in a tax case, leading to the crime not becoming complete until a later date than usual. *See United States v. Sams*, 865 F.2d 713, 716 (6th Cir. 1988) ("the limitations period begins to run when the taxpayer manifests some act of willful nonpayment"); *United States v. Pelose*, 538 F.2d 41, 45 (2d Cir. 1976) (jury correctly instructed it could find defendant's willfulness arose at a later date when health conditions changed); *Capone v. United States*, 51 F.2d 609, 617 (7th Cir. 1931) ("As the statute of limitations does not begin to run until the offense is committed, it could not begin to run until the failure of the accused became willful."). Since the Indictment properly pled late-arising willfulness, the motion should be denied.

### D. Willfulness for Count 1 Involves Distinct Facts Different from the Other Counts

The defendant asserts that the Court should dismiss the Indictment in its entirety because of his flawed notion that the proof of willfulness for all counts in the Indictment must be identical. *See* Motion at 9-10. Although convoluted, the argument can be summed up as follows: If the defendant was not willful in April 2017 in regard to his failure to pay his 2016 taxes, then he could not have been willful as to any other charged tax offense as proof of willfulness is essentially the same for all counts.

But that argument fails because willfulness is unique to each count as it is "inferred by the trier of fact from all the facts and circumstances of a defendant's conduct." *United States v. Marabelles*, 724 F.2d 1374, 1379 (9th Cir. 1984). The defendant's claim that all the counts must be dismissed is particularly off base with respect to Counts 6-8, charging the filing of false returns and attempted evasion of assessment. The defendant's theory about willfulness for failure to pay, contorted to begin with, makes no attempt to explain how it could possibly apply to counts alleging that the defendant filed false tax returns and committed affirmative acts of evasion.

Contrary to the defendant's claim, the willfulness alleged for Count 1 differs markedly from the other counts. In 2016, unlike any other charged year, the defendant withheld and paid over some taxes prior to the time that taxes were due. Dkt. 1. ¶¶ 28, 53, 70. While it is undeniable that, as in the other charged years, the defendant failed to timely file his 2016 tax returns and pay his taxes, unlike the other charged years, he made some effort to file the returns and pay his taxes. *Id.* ¶¶ 56-57. Indeed, the Indictment alleges that there was evidence that the defendant subjectively believed that he filed the 2016 return and paid his taxes, until he was disabused of that notion in January 2020 and then informed of how much he still owed in June 2020, unlike any other charged year. *Id.* ¶¶ 58, 62.

Thus, there is no inconsistency in the Indictment: willfulness must be judged separately for each count, and the willfulness (and late-arising willfulness) for Count 1 is distinct from the other counts. Whether and when the defendant was willful on Count 1—or any other count—should be left for the jury to determine after hearing all the evidence.

## V.     CONCLUSION

The defendant's motion is meritless and should be denied.

9