1   DAVID C. WEISS
    Special Counsel
2   LEO J. WISE
    Principal Senior Assistant Special Counsel
3   DEREK E. HINES
    Senior Assistant Special Counsel
4        950 Pennsylvania Avenue NW, Room B-200
5        Washington, D.C. 20530
         Telephone:  (771) 217-6091
6        E-mail:      Leo.Wise@USDOJ.GOV, DEH@USDOJ.GOV
7
8   Attorneys for Plaintiff
9   UNITED STATES OF AMERICA

10                      UNITED STATES DISTRICT COURT

11
12              FOR THE CENTRAL DISTRICT OF CALIFORNIA

13   UNITED STATES OF AMERICA,          No. CR 23-cr-00599-MCS

14
          Plaintiff,                    GOVERNMENT'S OPPOSITION TO
15                                       DEFENDANT'S MOTION TO DISMISS
                                         COUNT 9 FOR SPECIFIC SELECTIVE
16            v.                         PROSECUTION

17   ROBERT HUNTER BIDEN,
18                                      Hearing Date:  March 27, 2024
          Defendant.                    Hearing Time:  1:00 p.m.
19                                      Location:      Courtroom of the Hon.
20                                                     Mark C. Scarsi

21

22

23        Plaintiff United States of America, by and through its counsel, hereby opposes

24   defendant's motion to dismiss count 9 for specific selective prosecution.  Dkt. 31 (the

25   "Motion").

26   //

27   //

28   //

1        This opposition is based upon the attached memorandum of points and authorities,

2   the filings and records in this case, and any further argument as the Court may deem

3   necessary.

4

5    Dated:    March 8, 2024                Respectfully submitted,

6                                           DAVID C. WEISS
                                            Special Counsel
7

8                                           LEO J. WISE
                                            Principal Senior Assistant Special Counsel
9

10

11

12                                          _____
                                            DEREK E. HINES
13                                          Senior Assistant Special Counsel

14
                                            Attorneys for Plaintiff
15                                          UNITED STATES OF AMERICA

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In the instant motion to dismiss for selective prosecution, the defendant focuses on a single count of the nine-count indictment, Count 9, which charges willful failure to pay income tax for 2019, in violation of 26 U.S.C. Sec. 7203. Ignoring that the indictment also charges him with willfully failing to pay his 2016, 2017, and 2018 taxes, among other crimes, the defendant relies on the IRS's response to the COVID-19 pandemic to argue that the government's decision to include a charge for willfully failing to pay his 2019 taxes constitutes impermissible selective prosecution. But the defendant has failed to show, as he must, that other similarly situated individuals have not been prosecuted and that his prosecution is based on an impermissible motive. Therefore, the instant motion should be summarily denied.[1]

## II.   FACTS

On December 7, 2023, a federal grand jury in the Central District of California returned an indictment charging the defendant with multiple tax crimes that occurred over the span of several years. These crimes include: four counts of willful failure to timely pay tax, for tax years 2016 through 2019, in violation of 26 U.S.C. Sec. 7203 (Counts 1, 2, 4, and 9); two counts of willful failure to timely file a tax return, for tax years 2017 and 2018, in violation of 26 U.S.C. Sec. 7203 (Counts 3 and 5); attempted evasion of assessment for tax year 2018, in violation of 26 U.S.C. Sec. 7201 (Count 6), and two counts of willfully filing a false and fraudulent tax return (one individual and one corporate), for tax year 2018, in violation of 26 U.S.C. Sec. 7206 (Counts 7 and 8). Dkt. 1.

Count 9 is substantially similar to the three other failure to pay crimes alleged in the Indictment. All four counts allege that the defendant earned substantial income that

---

[1] The government has set forth its main response to the defendant's claims of selective and vindictive prosecution in its opposition to Defendant's Motion to Dismiss for Selective and Vindictive Prosecution and Breach of Separation of Powers (Dkt. 27). *See* Dkt. 37. This response addresses arguments unique to Count 9.

triggered the requirement to file a return and that he owed tax. *Id.* at ¶¶ 153, 156. All four counts allege that the defendant knew of his outstanding tax obligations for the pertinent year. *Id.* at ¶ 155. And all four counts allege that the defendant failed to make any payment towards his tax debt, opting, instead, to use funds on other personal expenses. *Id.* at ¶¶ 158-159. Finally, similar to the count charging willful failure to timely pay tax for the 2016 tax year, Count 9 alleges that the defendant filed a return but made no payment when he filed the return. *Id.* at ¶¶ 156-157.

## III.    LEGAL STANDARD

A defendant bears a heavy burden to overcome the presumption that a prosecution was brought lawfully. *United States v. Armstrong*, 517 U.S. 456, 463 (1996) (noting the presumption that prosecutors properly discharge their duties and the "demanding" nature of the selective prosecution standard). In order to succeed, the defendant must show that "(1) other similarly situated individuals have not been prosecuted and (2) his prosecution was based on an impermissible motive." *United States v. Sutcliffe*, 505 F.3d 944, 954 (9th Cir. 2007) (citing *United States v. Culliton*, 328 F.3d 1074, 1081 (9th Cir. 2003)). The defendant must prove each prong by "clear evidence." *Reno v. American–Arab Anti–Discrimination Comm.,* 525 U.S. 471, 489 (1999).

## IV.    ARGUMENT

The defendant's motion is written as though he has been criminally charged only for his conduct during the 2019 tax year and that he has not been charged with willfully committing multiple tax crimes during the three years that immediately preceded the 2019 tax year. But the defendant cites no authority for deciding a selective prosecution claim so narrowly. Indeed, the defendant neither sets forth the appropriate standard for evaluating a selective prosecution claim nor explains how the arguments he makes satisfy the standard. On its face, the motion fails to meet the significant burden a defendant must satisfy to succeed on a selective prosecution claim.

A defendant must establish by clear evidence that similarly situated individuals were not prosecuted. A similarly situated individual is someone who committed the same crime in substantially the same manner as the defendant and against whom the evidence was as strong or stronger than the evidence in this case. The defendant has not identified any similarly situated individuals who committed tax crimes for 2016, 2017, and 2018 in substantially the same manner, but who got a pass for their 2019 tax crime based on the IRS's response to the COVID-19 pandemic. As the defendant must bear the burden of identifying similarly situated individuals who were not prosecuted, and has failed to do so, the defendant's motion fails.

Even if the Court could cast a polyphemic focus on a single count and hypothetically dismiss that count alone on selective prosecution grounds, the Court cannot ignore the other criminal conduct alleged in the Indictment when determining whether the defendant is similarly situated to others. Defendants must show that "'their circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions with respect to them.'" *United States v. Deberry*, 430 F.3d 1294, 1301 (10th Cir. 2005) (quoting *United States v. Olvis*, 97 F.3d 739, 744 (4th Cir. 1996)). Here, there are a myriad of legitimate prosecutorial factors relevant to whether the defendant should be prosecuted for willful failure to pay in Count 9, including the nature, extent and duration of the defendant's misconduct as demonstrated by the numerous other crimes with which he has been charged.

Having failed to make even the most basic showing to carry his burden to sustain his motion, the defendant resorts to mischaracterizing the civil programs the IRS implemented during the height of the COVID-19 pandemic. Recognizing the weakness of that argument, the defendant follows it with a hodgepodge of baseless legal and factual arguments that he should not be prosecuted.  His motion should be denied.

**A.  The COVID Era Programs Are Irrelevant and, By Their Terms, Did Not Apply to the Defendant**

The defendant argues that by instituting various civil programs the IRS shifted the law such that those who willfully failed to timely pay their taxes for 2019 tax year could not be prosecuted. Motion at 8 ("[T]he IRS's collection relief and leniency programs in place in response to the COVID-19 pandemic in 2020 and 2021 necessarily militated against holding American taxpayers criminally responsible for outstanding tax debts.")). Contrary to the defendant's position, those programs were not amnesty programs that effectively immunized taxpayers who willfully violated the tax laws and, as such, they have no relevancy to the defendant's willful failure to pay his taxes. Rather, they were civil programs that reduced the paperwork burden on taxpayers seeking ways to pay down their outstanding tax balances, reversed civil penalties imposed on taxpayers who filed untimely returns, and addressed a unique situation involving the imposition of civil penalties. Not only were these programs irrelevant to the question of criminal prosecution, but the defendant was also ineligible to participate in any of the programs he cites.

The defendant's assertion that, through its creation of certain civil programs designed to accommodate taxpayers struggling to pay their tax debts during and after the COVID-era, the IRS effectively immunized all who willfully failed to pay their income taxes is utterly fallacious. The programs cited by the defendant did not confer immunity on any taxpayer. The programs identified by the defendant are inapposite, as they focus solely on resolving civil liabilities and make no mention of excusing criminal conduct.

The civil programs cited by the defendant are also a red herring as, by their terms, they did not apply to the defendant. First, the defendant cites a November 2020 program[2] in which the IRS offered procedural relief to taxpayers by "expanding taxpayer options

---

[2] *See* IRS Press Release, "IRS makes it easier to set up payment agreements; offers other relief to taxpayers struggling with tax debts" *available at* https://www.irs.gov/newsroom/irs-makes-it-easier-to-set-up-payment-agreements-offers-other-relief-to-taxpayers-struggling-with-tax-debts

for making payments and alternatives to resolve balances owed." Motion at 2-4, 7-9. This relief essentially reduced the paperwork to be submitted before entering into installment payment plans. For example, the minor accommodations offered by the IRS included:

- Allowing qualified individual taxpayers who owed less than $250,000 to set up Installment Agreements without providing a financial statement or further substantiation of their monthly payment proposal; and

- Allowing individual taxpayers who only owed for the 2019 tax year and who owed less than $250,000 to qualify for an Installment Agreement without a notice of a federal tax lien filed by the IRS.

The IRS specifically limited these programs to taxpayers who either owed less than $250,000 of tax or who had unpaid taxes solely for the 2019 year. The defendant was ineligible to participate in this program and was not similarly situated to the taxpayers who did participate, as he owed over $1.5 million in unpaid taxes for multiple years.

The defendant's citation to a second program, concerning taxpayers who failed to timely file their returns, not only did not apply to the defendant, but actually undermines his argument that the IRS promulgations were aimed to grant leniency or amnesty to taxpayers. In August 2022, the IRS announced that it would automatically refund or credit back civil penalties that it imposed on taxpayers who filed returns for 2019 or 2020 but did so tardily. Motion at 9-10. By its terms, the program was wholly inapplicable to the defendant as it concerned belated returns, not a taxpayer who willfully failed to pay the taxes due. Even if it applied, the announcement shows that the IRS was not seeking to administratively pardon tax cheats, but to "focus its resources on processing backlogged tax returns and taxpayer correspondence to help return to normal operations for the 2023 filing season."[3]

---

[3] *See* IRS Press Release, "COVID tax relief: IRS provides broad-based penalty relief for certain 2019 and 2020 returns due to the pandemic; $1.2 billion in penalties being refunded to 1.6 million taxpayers" *available at* https://www.irs.gov/newsroom/covid-tax-
*(footnote cont'd on next page)*

5

The third program cited by the defendant is also inapplicable to the defendant's situation and provides no support for his argument that the IRS intended to grant leniency to all taxpayers. Motion at 5, 9-10. As an initial matter, the program specifically concerned taxes owed for the 2020 and 2021 tax years, which are not tax years charged in the Indictment. Second, even if the program was applicable, it was designed to remedy the IRS's own error, not exempt individuals from criminal liability. The December 19, 2023, announcement cited by the defendant granted "penalty relief for approximately 4.7 million individuals, businesses and tax-exempt organizations <u>that were not sent automated collection reminder notices during the pandemic</u>."[4] (emphasis added). By its own admission, the IRS sought to remedy "an unusual situation." That is, starting in February 2022, the IRS temporarily suspended mailing to taxpayers automated reminders to pay overdue tax bills, yet continued to impose penalties on those unpaid balances. Because the IRS failed to mail the reminders to the taxpayers, it agreed to waive the penalties it had imposed on their unpaid taxes. In essence, this program sought to address the IRS's omissions regarding tax years 2020 and 2021 and cannot possibly be construed as creating an aura of leniency as to all taxpayers for pre-pandemic years.

## B. The Defendant's Remaining Arguments are Baseless

The defendant presents a host of erroneous factual and legal assertions in a futile attempt to make it appear that he has been selectively prosecuted. All of the arguments are groundless.

relief-irs-provides-broad-based-penalty-relief-for-certain-2019-and-2020-returns-due-to-the-pandemic-1-point-2-billion-in-penalties-being-refunded-to-1-point-6-million-taxpayers#:~:text=This%20penalty%20relief%20will%20be,tax%20return%20is%20filed%20late

[4] *See* IRS Press Release, "IRS helps taxpayers by providing penalty relief on nearly 5 million 2020 and 2021 tax returns; restart of collection notices in 2024 marks end of pandemic-related pause" *available at* https://www.irs.gov/newsroom/irs-helps-taxpayers-by-providing-penalty-relief-on-nearly-5-million-2020-and-2021-tax-returns-restart-of-collection-notices-in-2024-marks-end-of-pandemic-related-pause

First, the defendant incorrectly implies that the proof of willfulness for a willful failure to pay offense, a misdemeanor, is greater than that for other tax offenses, including felonies. Motion at 6-7 (citing *Spies v. United States*, 317 U.S. 492 (1943), and its progeny for the proposition that "more is needed to warrant criminal charges where a defendant has disclosed their tax liability, but nevertheless failed to pay.")). But thirty years after *Spies* the Supreme Court, in *United States v. Bishop*, 412 U.S. 346 (1973), made clear that tax felonies and misdemeanors both have the same willfulness requirement. *See Id.* at 361. Willfulness for a failure to pay offense is thus the same as for other tax offenses: "a voluntary, intentional violation of a known legal duty." *United States v. Easterday*, 564 F.3d 1004, 1006 (9th Cir. 2009). "In other words, if you know that you owe taxes and you do not pay them, you have acted willfully." *Id.*

Indeed, the government has prosecuted and convicted individuals for willful failure to pay who, like the defendant, "disclosed their tax liability," Motion at 7, including individuals who timely filed a tax return but willfully failed to pay the self-assessed tax reported on that return.[5] *See, e.g., United States v. Curtis*, 781 F.3d 904, 906 (7th Cir. 2015) (defendant lawyer convicted of three counts of failure to pay income taxes where he timely filed returns for those years but had paid nothing towards the self-assessed liabilities at the time of filing). *See also United States v. Freeman*, No. 3:19-CR-00220 (VAB), 2022 WL 1156325, at *20-25 (D. Conn. Apr. 18, 2022) (attorney who filed untimely returns charged in superseding indictment with failure to pay offenses); Superseding Information, *United States v. Awand*, 2:08-cr-00108-KJD-LRL (D. Nev. July 13, 2009) (Dkt. 33) (couple who late filed their returns, paid delinquent taxes after learning

---

[5] The Tax Division's Criminal Tax Manual, which the defendant cites as persuasive authority in a number of his other motions, states: "In the usual failure to pay case, the taxpayer will have filed a return and then failed to pay the reported tax liability." Criminal Tax Manual, Section 10.06[2] *available at* https://www.justice.gov/tax/media/1338211/dl

of a criminal investigation, and who "maintained an extravagant lifestyle" charged with four counts of failure to pay).[6]

Second, the defendant attempts to persuade the Court that evidence that would be excluded at trial is a "critical fact" that the Court should consider when evaluating the motion. That is, the defendant argues that he should not be prosecuted for willfully failing to pay his taxes because those taxes were paid in October 2021 - 15 months after they were due (and nine months after he became aware he was under criminal investigation[7]). Motion at 2-3, 7-8. But Section 7203 proscribes the willful failure to pay the required tax "at the time or times required by law or regulations." The government has prosecuted others who paid late, particularly those who paid after learning they are under criminal investigation. Indeed, the courts (and Sentencing Commission), including the Ninth Circuit, have noted that such late payments are irrelevant in tax cases and that a different rule would impermissibly excuse tax cheats for paying up after being caught.

The Ninth Circuit has consistently upheld the exclusion of evidence of late payments or late-filed returns in tax cases. *See United States v. Ross*, 626 F.2d 77, 81 (9th Cir. 1980); *United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004); *United States v. Baras*, 624 F. App'x 560, 560-61 (9th Cir. 2015). Simply put, if the defendant willfully failed to pay his 2019 tax when due on July 15, 2020, as alleged in Count 9, the crime was complete as of that date and the subsequent payment did not unring the bell. In *Ross,* the Ninth Circuit affirmed the district court's exclusion of evidence that the defendant late-filed returns and had offered to pay delinquent taxes "on the grounds of irrelevancy." *Ross,*

---

[6] The Ninth Circuit affirmed the convictions in 2012. *See United States v. Awand*, 467 F. App'x 609 (9th Cir. 2012).

[7] *See* Matt Zapotosky, Devlin Barrett and Colby Itkowitz, *Hunter Biden confirms he is under federal investigation,* Washington Post, (Dec. 9. 2020) *available at* https://www.washingtonpost.com/national-security/hunter-biden-under-federal-  spacing investigation/2020/12/09/3b7361be-3a64-11eb-9276-ae0ca72729be_story.html

1    626 F.2d at 81. "Were the rule otherwise, tax evaders could avoid criminal prosecution

2    simply by paying up after being caught." *Pang*, 362 F.3d at 1194.

3         This is consistent with other circuits, particularly where—as here—the belated

4    filing or payment has been made after a target becomes aware of a criminal investigation.

5    "[C]ourts have repeatedly affirmed the exclusion of evidence of remedial action taken

6    after the taxpayer knows he is under investigation." *United States v. Beavers*, 756 F.3d

7    1044, 1050 (7th Cir. 2014).

8         Just as the courts have held that late payment of taxes is generally irrelevant to the

9    defendant's criminal liability, the Sentencing Commission has specifically excluded late

10   payment of taxes from the calculation of the base offense level. The Guidelines require

11   that, for tax offenses, the base offense level be determined in relation to the defendant's

12   intended tax loss. *See* U.S.S.G. Sec. 2t1.1(c)(3) ("If the offense involved willful failure to

13   pay tax, the tax loss is the amount of tax that the taxpayer owed and did not pay.").

14   Section 2T1.1(c)(5) instructs that "[t]he tax loss is not reduced by any payment of the tax

15   subsequent to the commission of the offense." To allow either the wealthy, or those with

16   wealthy friends, to reduce their punishment by paying the taxes after they commit a crime

17   and become aware of a criminal investigation would create a grave injustice. *Cf. United*

18   *States v. Tandon*, 111 F.3d 482, 490 (6th Cir. 1997) ("Sound policy also supports this

19   conclusion since Tandon's theory would lead to the perverse result of allowing any

20   criminal to nullify much of the burden of his crime simply by paying the tax liability once

21   the IRS had begun to audit or investigate."). Thus, both for purposes of criminal liability

22   as well as for determining an appropriate sentence, a defendant's late payment of taxes is

23   neither an exculpatory nor a mitigating factor.

24        Finally, the defendant speculates that because the IRS did not file a lien against him

25   for his unpaid taxes, it did not view him as criminally culpable. Motion at 9. The IRS need

26   not assess the tax due and owing, nor must it institute collection proceedings as a condition

27   precedent for charging a taxpayer with willful failure to pay. Rather, the tax deficiency

28

arises by operation of law on the date the return is due: "when a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice and demand from the Secretary, pay such tax to the internal revenue officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return . . . ." 26 U.S.C. § 6151(a); *see also United States v. Ellett*, 527 F.3d 38, 40 (2d Cir. 2008) (rejecting the argument that due process required that the IRS afford the taxpayer the opportunity to litigate his tax position civilly or administratively before being prosecuted for evasion of assessment).

## V.    CONCLUSION

For the foregoing reasons, the defendant's motion should be denied.