# Exhibit 6

**From:** *Commissioner Werfel <Commissioner.Werfel@irs.gov>
**Sent:** Friday, July 7, 2023 11:30 AM
**To:** &&Employees All <employees.all@irs.gov>
**Subject:** Updated Whistleblower Guidance



IRS colleagues:

I am writing to you to provide updated guidance and clarify questions that have arisen concerning where and how IRS employees may report whistleblower concerns.

As employees, you are the first line of defense to call out issues that raise concerns, and I want it to be clear that we will always encourage a "see something, say something" philosophy. And in the event that you believe that the best course of action is not to raise issues up your IRS chain of command, but to raise the issue with an independent authority, there are a number of different options for raising concerns, including but not limited to:

- Treasury Inspector General for Tax Administration (TIGTA)
- Relevant Oversight Committees of the U.S. Congress
- U.S. Office of Special Counsel (OSC); and/or
- U.S. Department of Justice Office of Inspector General

The option(s) you may choose for reporting whistleblower concerns depend on the circumstances of a given matter. We have received questions from employees on what the right approach is if the issue to be reported might include taxpayer information protected by Section 6103 of the IRC or information protected by Federal Rule of Criminal Procedure 6(e).

In light of this, below you will find some helpful, detailed information intended to respond to these questions.

–Danny Werfel

\*\*

IRS employees may be entrusted with access to information that includes materials subject to protection under the Federal Tax laws, e.g., Section 6103, and Federal Rule of Criminal Procedure 6(e). As such, if you become aware of potential wrongdoing involving activities where information is subject to protection under either or both Section 6103 and/or 6(e), you have options for reporting this wrongdoing.

Employees who believe, with respect to a **grand jury matter**, that there is evidence of a (1) violation of law, rule, or regulation; (2) gross mismanagement; (3) a gross waste of funds; (4) an abuse of authority; or (5) a substantial and specific danger to public health or safety, should: (i) report such evidence to their supervisor; (ii) report such evidence to any management official; and/or (iii) report such evidence to the Department of Justice Inspector General (DOJ IG) and notify Treasury Inspector General for Tax Administration (TIGTA) that a referral of a grand jury matter has been made to DOJ IG. Such employees are authorized to disclose return and return information, as necessary, in such communications with the DOJ IG. Before sharing any information concerning a grand jury matter with a supervisor or manager who is not in IRS – Criminal Investigation (IRS-CI), please confirm that the supervisor/manager is authorized to receive relevant Rule 6(e) information. If you have any questions about whether evidence contains Rule 6(e) information, you may contact a supervisor or manager (provided that they are authorized to receive relevant Rule 6(e) information), IRS Chief Counsel – Criminal Tax (CT), or the DOJ IG.

Employees who believe, with respect to a **non-grand jury matter**, that there is evidence of a (1) violation of law, rule, or regulation; (2) gross mismanagement; (3) a gross waste of funds; (4) an abuse of authority; or (5) a substantial and specific danger to public health or safety, should: (i) report such evidence to their supervisor; (ii) report such evidence to any management official; and/or (iii) report such evidence to TIGTA. In certain circumstances, employees may also report such evidence to the Office of Special Counsel (OSC), which is an independent federal investigative and prosecutorial agency, and is distinct from DOJ offices that are sometimes referred to as "special counsel". Specifically, if IRS employees believe that they have been subjected to a prohibited personnel practice, such as reprisal for whistleblowing, they are authorized to disclose relevant 6103 information to OSC. Finally, upon belief that a return and/or return information may relate to possible misconduct, maladministration or taxpayer abuse, IRS employees may also disclose such return or return information to the chairman of the House Ways and Means Committee, the chairman of the Senate Finance Committee and/or the chairman of the Joint Committee on Taxation, or the examiners or agents as the chairmen of these committees may designate or appoint.  If you have any questions about whether evidence contains Section 6103 information, or whether you may disclose 6103 information, you may contact a supervisor, manager, IRS Chief Counsel – Procedure & Administration (P&A), or TIGTA.

For additional information on reporting information to the independent authorities referenced above, please see the following resources:

- www.tigta.gov
- waysandmeans.house.gov
- www.finance.senate.gov
- www.jct.gov
- www.osc.gov
- oig.justice.gov

There may be still additional reporting options available to you based on your position and the nature of your concern. You may contact IRS Chief Counsel – General Legal Services (GLS) for further details. Also noting this:

> *Pursuant to 5 U.S.C. 2302(b)(13), these provisions are consistent with and do not supersede, conflict with, or otherwise alter the employee obligations, rights, or liabilities created by existing statute or Executive order relating to (1) classified information, (2) communications to Congress, (3) the reporting to an Inspector General or the Office of Special Counsel of a violation of any law, rule, or regulation, or mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, or (4) any other whistleblower protection. The definitions, requirements, obligations, rights, sanctions, and liabilities created by controlling Executive orders and statutory provisions are incorporated into this agreement and are controlling.*

This guidance supersedes and replaces the guidance emailed by the Deputy Commissioner of Services and Enforcement to Services and Enforcement employees on May 25, 2023.