# EXHIBIT B

CLARK SMITH VILLAZOR

Clark Smith Villazor LLP
250 West 55th Street, 30th Floor
New York, NY 10019
www.smithvillazor.com

**CHRISTOPHER J. CLARK**
T 212 582 4400
clark@clarksmithvillazor.com

**VIA ELECTRONIC MAIL**

August 7, 2023

Leo J. Wise
Derek E. Hines
Benjamin L. Wallace
Assistant United States Attorneys
United States Attorney's Office
District of Delaware
1313 N. Market Street, Suite 400
Wilmington, DE 19899

        Re:    United States v. Biden, No. 23-cr-00061-MN
                   United States v. Biden, No. 23-mj-00274-MN

Counsel:

      We write on behalf of our client, Robert Hunter Biden, to address the modifications you proposed on Monday, July 31, 2023, with respect to the executed Diversion Agreement and Memorandum of Plea Agreement.

      First, the Government has proposed amending Paragraph 14 of the Diversion Agreement to eliminate the Court's role as the arbiter of breach. The Government has explained to the Court that the Diversion Agreement is separate and independent from the Plea Agreement. And, after consultation with the Government in open court, we concurred (and do concur) that the Diversion Agreement is separate and independent from the Plea Agreement.

      We believe that the Court's role in determining any claimed breach of the Diversion Agreement is appropriate, and we are not comfortable with the Government's insistence on taking the Court out of the equation. There is also ample precedent for the Court to act as the arbiter of breach,[1] and we were surprised, and continue to be dismayed, that the Government suggested to

---

[1] Courts have approved diversion agreements and deferred prosecution agreements containing substantively identical language. See, e.g., Deferred Prosecution Agreement, United States v. InterMune, Inc., No. 06-CR-0707-JSW (N.D. Cal. filed Dec. 4, 2006) ("In the event a motion is filed by the Department, ***the Court shall determine whether a breach occurred by a preponderance of the evidence.***") (emphasis added); Order Approving Deferred Prosecution Agreement and Deferring Further Proceedings, InterMune, Inc., No. 06-CR-0707-MHP (N.D. Cal. filed Dec. 4, 2006); see also Pretrial Diversion Agreement, United States v. BDO Seidman, LLP, No. 02-CR-30040-GPM (S.D. Ill filed Apr. 12, 2002) ("In the event that the government believes that [defendant] has violated the conditions of pre-trial diversion, and that [defendant] has not adequately cured the breach, ***the government shall initiate proceedings in the District Court to determine whether a violation has occurred***.") (emphasis added); Pretrial Diversion Agreement, United States v. Sears Automotive Mktg. Servs., Inc., No. 01-CR-30184 (S.D. Ill. filed Dec. 27, 2001) (same). These

the Court that no such precedent existed, when asked at the July 26 hearing.[2] Federal courts plainly have jurisdiction to hear disputes about the claimed breach of agreements between the Government and a defendant,[3] much as they hear disputes about claimed violations of supervised release.[4] A judicial determination of a defendant's supposed breach is in fact compelled by due process.[5]

Insofar as the Court expressed hesitation regarding the constitutionality of a pre-indictment judicial determination of breach,[6] courts (including the Third Circuit) have indicated that the sequencing reflected in Paragraph 14 of the Diversion Agreement is not only constitutionally permissible, but also preferable.[7]

Accordingly we are fully prepared to continue proceeding with the terms of the Diversion Agreement, as executed. If the Court should determine that the breach provision in Paragraph 14 of the Diversion Agreement should be amended, then we would be fine with that, and at such time we would entertain making formal, written modifications pursuant to Paragraph 19. Otherwise the parties remain bound to the terms of the agreement that was signed and entered into.

---

materials, all publicly available, are appended hereto at **Appendix A**. We trust the Government has at its disposal additional, similar precedent from across the country.

[2] July 26 Hr'g Tr. at 95:3–10 ("THE COURT: And you don't have any precedent for that, right? MR WISE: No, Your Honor. THE COURT: Do you have any authority that any Court has ever accepted that or said they would do that? MR WISE: No, Your Honor, this was crafted to suit the facts and circumstances.").

[3] See, e.g., Stolt-Nielsen, S.A. v. United States, 442 F.3d 177, 183 (3d Cir. 2006) ("Federal courts also have jurisdiction to consider, and hold the Government to, the terms of agreements it makes with defendants.").

[4] See, e.g., United States v. Robertson, 367 F. App'x 301, 303 (3d Cir. 2010) ("Rule 32.1 of the Federal Rules of Criminal Procedure provides for two hearings before a term of supervised release can be revoked, … codif[ying] the due process protections recognized in Gagnon [v. Scarpelli, 411 U.S. 778, 781-82 (1973)] and Morrissey [v. Brewer, 408 U.S. 471 (1972)]"); United States v. Jackson, 510 F. App'x 149, 154 (3d Cir. 2013) (observing, in context of revocation hearing, that "one of th[e] requirements for minimal due process is that the defendant be given 'written notice of the claimed violations' of his supervised release," such that defendant had "notice … sufficient … to prepare his defense" to the alleged violation) (quoting Morrissey, 408 U.S. at 489)).

[5] See, e.g., United States v. Meyer, 157 F.3d 1067, 1076 (7th Cir. 1998) ("Due process prevents the government from unilaterally determining that the defendant breached the [immunity] agreement. Rather, the government must obtain a judicial determination of the defendant's breach."); United States v. Ataya, 864 F.2d 1324, 1329 (7th Cir. 1988) ("One requisite safeguard of a defendant's due process rights is a judicial determination, based on adequate evidence, of a defendant's breach of a plea bargaining agreement. The question of a defendant's breach is not an issue to be determined unilaterally by the government.") (quoting United States v. Calabrese, 645 F.2d 1379, 1390 (10th Cir. 1981)).

[6] See Hr'g Tr. at 95:11–17 ("THE COURT: I'm concerned that that provision makes me a gatekeeper to criminal charges and puts me in the middle of a decision as to whether to bring a charge[,] … so is this even constitutional?")

[7] See, e.g., Meyer, 157 F.3d at 1076 ("[T]he preferred procedure, absent exigent circumstances, would be for the government to seek relief from its obligations under the immunity agreement prior to indictment. Since the government is required to obtain a judicial determination of a defendant's breach prior to trial, it is but a de minimis inconvenience for the government to secure that determination pre-indictment"); Ataya, 864 F.3d at 1330 n.9 ("the government practice of alleging breach of a plea agreement and reindicting the defendant prior to a hearing gives us pause"); United States v. Verrusio, 803 F.2d 885, 889 (7th Cir. 1986) ("Perhaps an even better procedure would be a motion by the government for relief from its obligations under the plea agreement, before it proceeds to the indictment stage."). The Third Circuit, for its part, took "no quarrel with the … observation that, in many circumstances, a pre-indictment determination of the parties' obligations under an immunity agreement might be useful." Stolt-Nielsen, S.A., 442 F.3d at 184 (3d Cir. 2006).

   <u>Second</u>, the Government has proposed, without explanation, completely deleting the immunity provision in Paragraph 15 of the Diversion Agreement. We decline to amend the parties' existing agreement on immunity. We will rely on this provision, as contained in the bilateral agreement that was signed and entered into between the parties.

   <u>Third</u>, the Government has proposed that we delete the stipulation in Paragraph 5(b) of the Plea Agreement and the stipulation in Paragraph 17 of the Diversion Agreement. We understand that these revisions are intended to highlight that the Diversion Agreement and the Plea Agreement are separate and independent. On this ground we are willing to enter into a formal, written modification pursuant to Paragraph 19 of the Diversion Agreement.

   We are available to discuss further.

               Sincerely,

               Christopher J. Clark

Enclosure

cc: Brian C. McManus, Esq. (Latham & Watkins LLP)
   Matthew S. Salerno, Esq. (Latham & Watkins LLP)
   Timothy H. McCarten, Esq. (Latham & Watkins LLP)
   Richard I.G. Jones, Jr. (Berger Harris, LLP)