Angela M. Machala (State Bar No. 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Abbe David Lowell (*pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Attorneys for Robert Hunter Biden*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT HUNTER BIDEN,<br><br>Defendant. | Case No. 2:23-cr-00599-MCS<br><br>*Hon. Mark C. Scarsi*<br><br>**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS COUNTS 2, 4, AND 6 OF THE INDICTMENT IN PART FOR DUPLICITY**<br><br>Hearing Date: March 27, 2024<br>Time: 1:00 PM<br>Place: Courtroom 7C |

## INTRODUCTION

The prosecution acknowledges the fundamental reason for Biden having brought this motion: Counts 2, 4, and 6 contain duplicitous charges. Specifically, the prosecution acknowledges that Counts 2 and 4 provide two *inconsistent* dates each for "when the crimes occurred" (DE39 at 1) and that Count 6 provides "multiple means" for the charged crime. (*Id.* at 5.) Rather than deny the duplicity issues, the prosecution first argues that the remedy for its duplicitous charges is not to dismiss the charges, but rather a unanimity instruction at trial. While Biden acknowledges that a unanimity instruction (and a special verdict form) might assist the jury in parsing through these convoluted charges should the Court allow them to go forward, Biden is not obligated to accept the prosecution's preferred solution because that solution is inadequate. Biden urges this Court to dismiss Counts 2, 4 and 6 (in part) to protect his constitutional rights to sufficient notice of the specific crime alleged and not to be found guilty of any given offense unless there is a unanimous verdict of a jury.

## ARGUMENT

### I.  THE PREFERRED REMEDY IS DISMISSAL

As stated in the opening motion, the preferred remedy for duplicity, as with multiplicity, is for the prosecution to elect which charges or theories of liability to proceed upon, dismissing the remainder to solve the problem. *See, e.g.*, *United States v. Henry*, 504 F.2d 1335, 1338 (10th Cir. 1974) ("The proper way to attack a duplicitous indictment is by a motion to elect."); *United States v. Fisk*, 255 F. Supp. 2d 694, 702 (E.D. Mich. 2003) ("The rule against multiplicity is a pleading rule, 'the violation of which is not fatal to an indictment.' If the government violates the rule, the defendant's remedy is to move to require the government to 'elect either count or the charge within the count upon which it will rely.'") (quoting *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981)); *United States v. Gray*, 101 F. Supp. 2d 580, 584 (E.D. Tenn. 2000) ("Generally, the appropriate remedy for a duplicitous count is to force the Government to elect to proceed on only one of the charges contained in the count.")

1

DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO COUNTS 2, 4, AND 6 OF THE INDICTMENT IN PART FOR DUPLICITY – CASE NO. 2:23-CR-00599-MCS-1

(quoting *United States v. Conley*, 826 F. Supp. 1536, 1547 (W.D. Pa. 1993)).  The prosecution does not attempt to distinguish any of these cases, instead advocating for its preferred solution of a unanimity instruction leaving the duplicitous counts in the case until then.

A detailed unanimity instruction and specialized verdict form (which the prosecution does not dispute would be required here at a minimum), while potentially helpful for some issues related to jury confusion and verdict anonymity, do not compensate for the difficulties Biden will face trying to prepare for a trial where the prosecution has combined multiple charges into one.  There is no debate that an indictment "must be a plain, concise, and *definite* written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1) (emphasis added).  Biden's constitutional right to fair notice will not be fully protected by a unanimity instruction, and the government should be compelled to elect between the indefinite statements in the offending counts.  The time is ripe for the Court to decide these issues.  *See United States v. Arreola*, 467 F.3d 1153, 1161 (9th Cir. 2006) (discussing that defendant had failed "to object to an indictment as duplicitous before trial and fail[ed] to object to the court's jury instructions at trial").  The Court should not allow the Indictment to become a moving target at trial where the prosecution can weave back and forth as to when the alleged violation took place or by what means.

## II.   THE ALLEGED VIOLATIONS ARE DUPLICITOUS

Regarding Counts 2 and 4, Biden and the prosecution agree that for a willful failure to pay charge "[t]he period of limitation begins to run not when the taxes are assessed or when payment is demanded, but rather when the failure to pay the tax becomes willful—an essential element of the crime." (DE39 at 5 (citing *United States v. Andros*, 484 F.2d 531, 532 (9th Cir. 1973)).)  The parties disagree on whether the prosecution must charge when the willfulness element was actually met.  Instead of simply stating when the obligation to pay arose and when the act of failure to pay became willful, the prosecution admits it has charged two *inconsistent* dates—in one of

2

DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO COUNTS 2, 4, AND 6 OF THE INDICTMENT IN PART FOR DUPLICITY – CASE NO. 2:23-CR-00599-MCS-1

two possible years for each count—without providing any support for why this pleading method is allowed.[1] (DE39 at 4 ("either the dates that the taxes were due, *or* the dates that the defendant filed his delinquent returns on which he self-assessed, but did not pay, a tax due and owing") (emphasis added).)  The disjunctive is the exact issue that Biden highlights in his motion.  And here, a unanimity instruction does not replace the prosecution's obligation to properly plead each count clearly alleging the facts and, specifically here, the date that it alleges willfulness arose.

"A count of an indictment is 'repugnant' and must be dismissed if there is a 'contradiction between material allegations' in the count." *United States v. Cisneros*, 26 F. Supp. 2d 24, 52 (D.D.C. 1998) (quoting *United States v. Briggs*, 54 F. Supp. 731, 732 (D.D.C. 1944)); *see, e.g.*, *United States v. Howell*, 78 U.S. 432, 438 (1870) (discussing repugnant indictments); *United States v. Cantril*, 8 U.S. (4 Cranch) 167, 168 (1807) (Marshall, C.J.) (dismissing indictment as repugnant);[2] *United States v. Cantrell*, 612 F.2d 509, 510–11 (10th Cir. 1980) (finding inconsistency in indictment alleging the defendant stole firearms in Missouri and transported them to Kansas in one count, but later charging the defendant with receiving the same firearms in Kansas, and overturning the receiving conviction); *United States v. Rajarantnam*, 2014 WL 1554078, at *7 (S.D.N.Y. Apr. 17, 2014) (finding substantive counts inconsistent with conspiracy count, such that the substantive counts "cannot be salvaged"); *United States v. Palo*, 2017 WL 6594196, at *6 (W.D. Pa. Dec. 26, 2017) (forbidding government to proceed to trial with inconsistent counts); *United States v. Conde*, 309 F. Supp. 2d 510,

---

[1] In Count Two, the prosecution alleges willfulness was completed on April 17, 2018 *and* on February 18, 2020, when Biden allegedly willfully failed to pay income tax due. (Indict. ¶89.)  In Count Four, the prosecution alleges that willfulness was completed on two dates—April 15, 2019 *and* February 18, 2020, when Biden allegedly willfully failed to pay income tax due. (Indict. ¶105.)  Two dates for the same underlying conduct in the charging document are inconsistent and at odds with one another.

[2] Older cases, like *Howell* and *Cantril,* refer to this problem of internal inconsistencies as "repugnant."  Whatever the terminology, internal inconsistency warrants the dismissal of the indictment.  *See, e.g., Sunderland v. United States*, 19 F.2d 202, 208 (8th Cir. 1927) ("Repugnancy in a count consists in a contradiction between material allegations therein.").

3

DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO COUNTS 2, 4, AND 6 OF THE INDICTMENT IN PART FOR DUPLICITY – CASE NO. 2:23-CR-00599-MCS-1

511 (S.D.N.Y. 2003) ("An indictment is defective if it contains logically inconsistent counts."). The reason for dismissing the charge is that the inconsistency prevents the defendant from anticipating the evidence that will be used at trial and preparing to meet it. *See Cantrell*, 612 F.2d at 511 (dismissing count); *Conde*, 309 F. Supp. 2d at 512 (dismissing count because otherwise "defendant's ability to prepare for trial would be seriously impaired"); *United States v. Eason*, 434 F. Supp. 1217, 1221 (W.D. La. 1977) (precluding government from taking inconsistent charges to trial).

In addition, Biden reasserts that Count 6 charges two separate offenses in one count, rather than merely stating multiple ways of committing the same offense. The prosecution cites *United States v. Orrock* for the proposition that tax evasion can involve multiple false returns. 23 F.4th 1203, 1206 (9th Cir. 2022). *Orrock* is inapposite. First, "[r]ather than charge Orrock with the filing of the February 2009 personal tax return that theoretically completed the § 7201 crime, the government opted to charge him with his last affirmative act of evasion—the filing of the May 2011 partnership tax return." *Id*. at 1208. The government in *Orrock*, unlike here, correctly chose *one* instance to charge. Second, and relatedly, that case does not analyze duplicity at all; rather, it is a case arguing the correct statute of limitations for the Section 7201 crime. Count 6 charges entirely different conduct on entirely different forms as one crime although the violations are distinct and duplicitous. Count 6 is not properly pled and should be dismissed in part.

## CONCLUSION

There is no doubt that the prosecution's charging method for Counts 2, 4, and 6 will confuse a jury and cause a lack of unanimity on key issues required for a fair verdict. A unanimity instruction and special verdict form might minimize the possible confusion, but cannot remedy the pleading defect and protect Biden's constitutional rights. For all of the reasons stated above and in the motion, the preferred method here remains dismissal.

| | | |
|---|---|---|
| 1 | Date: March 18, 2024 | Respectfully submitted, |
| 2 | | By: */s/ Angela M. Machala* |
| 3 | | Angela M. Machala (SBN: 224496) |
| | | WINSTON & STRAWN LLP |
| 4 | | 333 S. Grand Avenue, 38th Fl. |
| 5 | | Los Angeles, CA 90071-1543 |
| | | Telephone: (213) 615-1700 |
| 6 | | Facsimile: (213) 615-1750 |
| 7 | | AMachala@winston.com |
| 8 | | Abbe David Lowell (*admitted pro hac vice*) |
| 9 | | Christopher D. Man |
| | | WINSTON & STRAWN LLP |
| 10 | | 1901 L Street NW |
| 11 | | Washington, DC 20036 |
| | | Telephone: (202) 282-5000 |
| 12 | | Facsimile: (202) 282-5100 |
| 13 | | AbbeLowellPublicOutreach@winston.com |
| | | CMan@winston.com |
| 14 | | |
| 15 | | *Attorneys for Robert Hunter Biden* |

5