1  Angela M. Machala (SBN: 224496)
   AMachala@winston.com
2  WINSTON & STRAWN LLP
   333 S. Grand Avenue, 38th Fl.
3  Los Angeles, CA 90071
   Telephone:   (213) 615-1700
4  Facsimile:   (213) 615-1750

5  Abbe David Lowell (*admitted pro hac vice*)
   AbbeLowellPublicOutreach@winston.com
6  Christopher D. Man
   CMan@winston.com
7  WINSTON & STRAWN LLP
   1901 L Street NW
8  Washington, DC 20036
   Telephone:   (202) 282-5000
9  Facsimile:   (202) 282-5100

10 *Attorneys for Robert Hunter Biden*

11

12

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15

16 UNITED STATES OF AMERICA,            **Case No. 2:23-cr-00599-MCS-1**

17              Plaintiff,              *Hon. Mark C. Scarsi*

18      vs.                            **DEFENDANT'S REPLY IN
                                       SUPPORT OF HIS MOTION TO**
19 ROBERT HUNTER BIDEN,                **DISMISS COUNT 9 OF THE
                                       INDICTMENT FOR SPECIFIC**
20              Defendant.             **SELECTIVE PROSECUTION**

21                                     Hearing Date:   March 27, 2024
                                       Time:           1:00 PM
22                                     Place:          Courtroom 7C

23

24

25

26

27

28

**INTRODUCTION**

The prosecution failed to do the one simple thing it could have done to rebut Biden's motion to dismiss Count 9 for failure to pay his 2019 income tax on time: indicate for the Court or cite any number of cases in which DOJ has brought *criminal* charges for failure to timely pay 2019 income tax following the COVID-19 pandemic.  The prosecution's response does not point to even one example of criminally charging a 2019 failure to timely pay case where the taxpayer timely filed their returns that year because there is no case to point to, whether similarly situated to Biden or not.  To the contrary, under the IRS relief programs at the time, most taxpayers that failed to timely pay their 2019 taxes were automatically granted relief from any civil tax penalties during that period.  The specific selective prosecution of Biden with respect to this charge could not be starker.

Instead, the prosecution points to a pattern of past conduct by Biden in prior tax years in an effort to bootstrap its 2019 failure to timely pay charge to such conduct.  For instance, as justification for its charge, the prosecution alleges Biden "willfully commit[ed] multiple tax crimes during the three years that immediately preceded the 2019 tax year" (DE40 at 2); that he "committed tax crimes for 2016, 2017, and 2018 in substantially the same manner" (*id.* at 3); and that Biden "owed over $1.5 million in unpaid taxes *for multiple years*" (*id.* at 5 (emphasis added).)  This is wrong and the Court should not take the prosecution's bait, but rather must assess the 2019 charge (Count 9) as a standalone criminal offense.

Critically, unlike with certain prior tax years charged, Biden timely filed his 2019 Form 1040 on October 15, 2020.  (Indict. ¶156.)  But on a more granular level, 2019 (and 2020, when the tax was due) was unlike tax years past; the same sources the prosecution cites (*see* DE37 at 4, 9, discussing "countless statements" in Biden's memoir, *Beautiful Things*) describe that this was an incredibly unique and at times challenging period for Biden: he met and married his wife Melissa in May 2019; he committed to a path of sobriety and worked hard each day to maintain it; he and his wife were expecting their first child together; and he began the painstaking process of putting his life back together.

1

1  That also meant that Biden began working to address his tax obligations.  To lump tax
2  year 2019 together with prior years' conduct, while ignoring the unique challenges that
3  Biden faced then as compared to the "three years that immediately preceded the 2019 tax
4  year" (DE40 at 2), is a disservice to his recovery effort but more importantly how others
5  similarly situated have been treated.  Moreover, as described further below, the
6  prosecution's reliance on Biden's past tax conduct to support its 2019 charge does not
7  warrant a *criminal* prosecution in this case.

8                                          **ARGUMENT**

9  **I.   SIMILARLY   SITUATED   INDIVIDUALS   HAVE   NOT   BEEN**
10       **CRIMINALLY PROSECUTED FOR FAILURE TO PAY 2019 TAXES**

11       The Special Counsel begins it response by claiming Biden "has failed to show, as
12  he must, that other similarly situated individuals have not been prosecuted…"  (DE40 at
13  1; *see also id.* at 3).  In a word, the Special Counsel asks Biden to prove a negative—to
14  conclusively demonstrate all the times in which DOJ has chosen *not* to prosecute similarly
15  situated taxpayers.  The prosecution is trying to erect an impossible burden, but that is not
16  what the law requires.

17       Instead, Biden's motion made a diligent effort to show that DOJ has hardly, if ever,
18  criminally prosecuted individual taxpayers for failing to timely pay taxes with their timely
19  filed Form 1040 for tax year 2019, and identified only a handful of cases nationwide in
20  which DOJ has brought *criminal* charges in connection with tax year 2019, and those were
21  charges for failure to *file* an individual tax return for 2019.  (DE31 at 8 (citing six cases).)
22  For tax year 2019, Biden's counsel has not identified a single case in which a defendant
23  timely filed a tax return but was later charged individually (unrelated to employment
24  taxes) for failing to pay that 2019 self-assessed tax with their timely filed tax return.
25  Moreover, we have not identified a single case where a taxpayer was charged under
26  Section 7203 with a crime for late payment of tax where the taxpayer had timely filed his
27  or her return (and the return was not alleged to be fraudulent).  And when given an
28  opportunity to rebut this and point the Court to the slew of criminal cases evidencing such

2

1  charges (there are none), the Special Counsel cannot point even to one in its response.

2  And unlike in the cases we cited, Biden was not delinquent in filing his individual return;

3  he timely filed a 2019 return on October 15, 2020 and paid his 2019 tax debt due (with

4  interest and penalties) on October 15, 2021.

5      And so, in the alternative, the prosecution seeks to bootstrap the basis for charging

6  Count 9 to a pattern of *past conduct* of "willfully committing multiple tax crimes during

7  the three years that immediately preceded the 2019 tax year" (DE40 at 2), and doing so

8  "in substantially the same manner."[1]   (*Id.* at 3.)   The prosecution alleges, without any

9  support, that "there are a myriad of legitimate prosecutorial factors relevant to whether the

10  defendant should be prosecuted for . . . Count 9," but then as proof, merely references "the

11  numerous other crimes with which he has been charged."  (*Id.*)  That alone is insufficient.

12  Each charge in an indictment must stand *on its own*, and the basis for each charge must

13  withstand scrutiny independent of the other counts.  *See, e.g.*, *United States v. Rodriguez-*

14  *Gonzales*, 358 F.3d 1156, 1158 (9th Cir. 2004) (following "the well-established

15  requirement that each count against a defendant in an information or indictment must

16  sufficiently levy the charge in and of itself and thus stand on its own"); *Walker v. United*

17  *States*, 176 F.2d 796, 798 (9th Cir. 1949) (each count "must stand or fall on its own

18  allegations without reference to other counts not expressly incorporated by reference").  A

19  similar concept applies in the civil context as well—that "[e]ach tax year stands on its

20  own."  *Kliethermes v. United States*, 27 Fed. Cl. 111, 114 (1992).  The prosecution has

21  ignored that principle here.

22      Biden timely filed his 2019 tax return.  Further, as discussed *supra* at 1, tax year

23  2019 was unlike the immediately preceding years in Biden's life; 2019 (and 2020, when

24  the tax was due) was a unique and at times challenging period for Biden that presented

25  different obstacles, as he was overcoming his battle with addiction and working to put the

26

27

28

---

[1] To the extent the prosecution argues Biden cannot claim selective prosecution for just a single count charged, Count 9, Biden points out that he has brought a Motion to Dismiss the entire Indictment (all nine counts) for selective and vindictive prosecution.  (DE27.)

pieces of his life back together.[2]  Again, it is near impossible for Biden to "identify[] similarly situated individuals who were not prosecuted" (DE40 at 3), as this would require him to prove a negative (which the prosecution must know but does not admit).  Moreover, "similarly situated individuals" even had their civil penalties waived for late payment of 2019 tax with a timely filed 2019 tax return; Biden, instead, faces criminal counts.

Furthermore, the prosecution's reliance (to its detriment) on Biden's past tax conduct to justify its 2019 failure to timely pay charge does not warrant a *criminal* prosecution.  It is not in dispute that Biden owed income tax of $197,372 after timely filing his individual tax return on October 15, 2020.  But in case after case, DOJ elected to resolve cases involving a taxpayer who failed to pay taxes for multiple years (which is essentially what the prosecution is arguing here) civilly or with consent judgments.  For example, in one recent high-profile case, a DC law partner at a prominent law firm (and his wife) failed to file or neglected taxes for 11 years with nearly $7.2 million owed to the IRS.  After an investigation, DOJ elected to resolve the matter civilly with tax, penalty and interest only.  *United States v. Robert J. Shaughnessy*, No. 22-cv-02811-CRC, DE9 (D.D.C. 2023) (consent judgment).  Or, take the case of longtime Trump advisor Roger Stone and his wife Nydia, who owed nearly $2 million in unpaid taxes for a four year period, which DOJ again elected to resolve civilly without criminal charges for unpaid taxes.  *United States v. Roger J. Stone*, No. 21-cv-60825-RAR, DE63 (S.D. Fl. 2022) (consent judgment).[3]  By contrast, the prosecution has charged Biden for willful failure to timely pay 2019 taxes which it claims is supported only by his past tax misconduct, and ignores that Biden *fully paid* his 2019 tax obligation in October 2021 (unlike in the two cases described above).[4]  The Special Counsel's treatment of Biden is the outlier.

---

[2] These life events are discussed at length in the same sources the prosecution cites and relies on throughout its opposition briefs.  *See, e.g.*, DE37 at 4, 9 (discussing Biden's memoir, *Beautiful Things*).

[3] *See also* DE27 at 18 n.56 (discussing the *Shaughnessy* and *Stone* civil resolutions).

[4] The prosecution argues that DOJ "has prosecuted others who paid late, particularly those who paid after learning they are under criminal investigation" (DE40 at 8), and that such late payments are irrelevant in tax cases in this Circuit.  So too, they argue, should evidence of such payment be ignored in Biden's case.  To be clear, Biden is not arguing that Count 9 should be dismissed merely because he paid his 2019 taxes, albeit late.  To

1    In fact, the prosecution misleads the Court when it falsely stated, in its opposition
2    to Biden's motion to dismiss for selective and vindictive prosecution, that "Stone failed
3    to pay his taxes but did timely file his returns, *unlike the defendant*." (DE37 at 9 (emphasis
4    added).)  The prosecution is wrong—Biden timely filed his 2019 Form 1040 on October
5    15, 2020 but failed to timely pay his self-assessed tax debt when he filed his return (he
6    later paid prior to any charges, unlike Stone).  Yet, what the prosecution failed to mention
7    is that *unlike the defendant*, Stone's case was resolved civilly, with a consent judgment
8    (and so too did Stone write a memoir, titled *The Myth of Russian Collusion: The Inside*
9    *Story of How Donald Trump Really Won* (reissued in 2019), which the prosecution also
10   ignores while taking direct aim at Biden for writing his memoir).  (DE37 at 9.)

11   As to the prosecution's claims about the COVID-19 era IRS programs and policies,
12   Biden never once claimed that such programs were "amnesty" programs for taxpayers, or
13   effectively "immunized" him (or anyone else) for failing to pay his income tax on time.
14   (DE40 at 4.)   The prosecution's animated response, calling Biden's argument "utterly
15   fallacious," is hyperbole in the grandest fashion and has no merit.  *Id.*  As Biden's motion
16   made clear (DE31 at 9–10), these IRS programs reflect a climate of leniency, relief, and
17   assistance for taxpayers in 2020 and beyond, which would have aided taxpayers (such as
18   Biden, in the civil context) seeking to make payments in that period.  Indeed, the late
19   payment program announced in 2020 for the 2019 tax year (*see* DE31 at 9) was
20   automatic—a taxpayer need not even have applied for that relief to kick in.   The
21   prosecution complains that such relief programs only resolved civil liabilities without
22   "mention of excusing criminal conduct" (DE40 at 4)—Biden does not need to remind the
23   Court that this could have been resolved civilly well before the Special Counsel opted to
24   turn this offense into a criminal matter.  To argue otherwise ignores reality.

25

26   the contrary, as discussed above, DOJ often elects *not* to prosecute even those who have
     not paid *any taxes* at all, as in the cases of Shaughnessy and Stone, which is a far cry from
27   Biden's situation.  Whether or not late payment "unring[s] the bell" (DE40 at 8) is not the
     dispositive issue here; rather, it is whether this charge should *ever* have been brought
28   against Biden in the first place, and whether those similarly situated have been prosecuted
     after timely filing a tax return, and later paid.

The IRS instituted several tax collection leniency programs and other relief efforts to ease the burden on American taxpayers, focused on assisting those with tax debts to resolve outstanding balances or enter into installment agreements.  In due course, millions of taxpayers entered payment plans, received refunds or tax credits, or arranged an Installment Agreement without a notice of federal tax lien, or, like Biden, they paid their taxes with interest and penalties.  Unlike Biden, *none* of these taxpayers—defense counsel cannot identify a single one—faced criminal charges for failure to timely pay taxes with their 2019 Form 1040, where the person timely filed an individual tax return (as Biden did in October 2020), and paid that tax obligation, with interests and penalties, the following year.  As the statistics and cases demonstrate, there have been few, if any, DOJ criminal prosecutions based on remotely similar circumstances.  Not only does the evidence establish that others in Biden's position have *not* been prosecuted under similar circumstances, but the record also demonstrates that DOJ initially rejected bringing these charges against Biden himself.

In fact, just *last month* on February 29, 2024 (after Biden had filed his opening motion), the IRS launched another, even more fitting program focused on assisting high-income taxpayers who have failed to file federal income tax returns in more than 125,000 instances since 2017.[5]  As the IRS explained:

> The new initiative, made possible by Inflation Reduction Act funding, begins with IRS compliance letters going out this week on more than 125,000 cases where tax returns haven't been filed since 2017.  The mailings include more than 25,000 to those with more than $1 million in income, and over 100,000 to people with incomes between $400,000 and $1 million between tax years 2017 and 2021. . . . The IRS noted that some of these non-filers have multiple years included in the case count so the number of taxpayers receiving letters will be smaller than the

---

[5] Press Release, IRS Launches New Effort Aimed At High-Income Non-Filers; 125,000 Cases Focused On High Earners, Including Millionaires, Who Failed To File Tax Returns With Financial Activity Topping $100 Billion (Feb. 29, 2024), *available at* https://www.irs.gov/newsroom/.

actual number of notices going out. . . .   The new non-filer effort focused on high-income taxpayers who haven't submitted a tax return is part of this larger effort to expand IRS compliance work to ensure fairness in the tax system.

The program calls for IRS compliance letters—not criminal charges—as a first step in addressing high-income taxpayers' failures to file income taxes between tax years 2017 and 2021.   And yet the outcome for Biden, who timely self-reported earning taxable income of $843,577 and self-assessed owing $197,372 for the 2019 tax year (Indict. ¶156), was a criminal tax charge, not an IRS compliance letter.   DOJ's treatment of Biden for the 2019 tax year ought to be no different (again, given he *fully paid* his 2019 tax obligations in 2021), and falls squarely within the mold of a selective and vindictive prosecution.   The factors (political pressure and public criticism) which turned a June 2023 plea agreement for late filing of two tax years into nine counts, including three felonies, are explained in Biden's other pending motions and do not need to be repeated here.   At the very least, Biden has shown that the criminal failure to timely pay charge against him for the 2019 tax year is a statistical anomaly and not in keeping with prior or recent (2024) IRS programs.

If the prosecution had a valid reason to criminally prosecute Biden for this conduct, surely the prosecution could have identified at least one other person among the millions who paid their 2019 taxes late, who it prosecuted under the same or similar circumstances. The prosecution has failed to do so, and defense counsel is aware of none.

## CONCLUSION

The prosecution claims Biden's motion raises "a hodgepodge of baseless legal and factual arguments that he should not be prosecuted" (DE40 at 3)—in reality, the record evidences a selective prosecution of Biden, and even worse, the piling on of a 2019 failure to timely pay charge that had no basis being brought in the first place.   Accordingly, Biden respectfully requests that Count 9 of the Indictment be dismissed.

Date: March 18, 2024

Respectfully submitted,

By: */s/ Angela M. Machala*
Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile:  (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile:   (202) 282-5100

*Attorneys for Robert Hunter Biden*