# EXHIBIT C



**U.S. Department of Justice**

United States Attorney's Office
District of Delaware

*The Hercules Building*
*1313 N. Market Street, Suite 400*
*P. O. Box 2046*                                     *(302) 573-6277*
*Wilmington, Delaware 19899-2046*              *FAX (302) 573-6220*

August 9, 2023

**By Email**

Christopher J. Clark
Clark Smith Villazor LLP
250 West 55th Street, 30th Floor
New York, NY 10019

      Re:    *United States v. Robert Hunter Biden*, No. 23-cr-00061-MN
              *United States v. Robert Hunter Biden*, No. 23-mj-00274-MN

Counsel:

      We write in response to your letter of August 7, 2023.

      The diversion agreement is not in effect. Paragraph one of the agreement expressly provides that, "The term of this Agreement shall be twenty-four (24) months, *beginning on the date of approval* of this Agreement, unless there is a breach as set forth in paragraphs 13 and 14." (emphasis added). Paragraph 2 further provides that, "The twenty-four (24) month period following the execution *and approval* of this Agreement shall be known as the 'Diversion Period.'" (emphasis added). Margaret M. Bray, Chief United States Probation Officer for the District of Delaware, declined to approve the agreement at the hearing on July 26, 2023. Indeed, the version of the agreement that you docketed on August 2, 2023, has an empty signature line for Ms. Bray, immediately below the text "APPROVED BY." Because the diversion agreement is not in effect, none of its provisions, including paragraph 15, are in effect. Further, neither principles of contract law nor federal criminal law support your argument that paragraph 15, which would provide your client with limited immunity once the agreement went into effect but for no more than the 24-month Diversion Period, provides him with limited immunity now when the agreement, again by its own terms, is not in effect and the Diversion Period has not begun.

      Both the diversion agreement and the plea agreement are, at this stage in the proceedings, drafts that neither side is bound by, as evidenced by the fact that your client pled not guilty at the hearing.

      You asked to meet with us in the afternoon following the hearing on July 26, 2023. At that meeting you proposed three alternatives to the plea agreement and diversion agreement in their then-current forms. First, you suggested changing the plea agreement to a Rule 11(c)(1)(A) agreement, in line with the Court's statements that, because of paragraph 15 in the diversion agreement, and your client's answers to the Court's questions as part of the Rule 11(b) colloquy,

the Court may conclude at some later date that it is in fact a plea agreement covered by Rule 11(c)(1)(A). Second, you suggested changing the plea agreement to a Rule 11(c)(1)(C) agreement, and if the Court rejected the parties' agreed upon sentence, proceeding to trial on the tax charges. Third, you suggested "re-drafting everything."

After considering your alternatives we concluded none of them were acceptable to the United States. As a result, on July 31, 2023, we made a counter-proposal offering changes to the draft diversion agreement, which, again, had not been approved by U.S. Probation at the hearing on July 26, 2023. Specifically, we proposed removing paragraphs 15 and 17 of the prior draft. We also proposed revising paragraph 14 of the prior draft, inserting a mechanism for determining whether a breach occurred that did not involve the Court. As part of our counter-proposal on July 31, 2023, we also proposed removing the stipulation contained in paragraph 5(b) of the prior draft plea agreement.

In your letter of August 7, 2023, you rejected the revisions we proposed to the draft diversion agreement. Your letter was silent on whether you would accept a plea agreement that did not include paragraph 5(b). We view this as a rejection of the revisions we proposed to the draft plea agreement.

In light of your letter, we withdraw the plea agreement and the diversion agreement we offered on July 31, 2023, and confirm our withdrawal of the plea agreement and diversion agreement that were discussed at the hearing on July 26, 2023, neither of which has ever entered into effect. Since your client has not waived indictment in Case No. 23-cr-0061-MN, we intend to seek the return of an indictment from a grand jury in this district within the time limits contained in 18 U.S.C. § 3161. As to Case No. 23-mj-00274-MN, since your client did not waive any challenge to venue in this district, we intend to file a motion to dismiss the information without prejudice and pursue charges in another district where venue lies. Please let us know your position on this motion by August 11, 2023. We also intend to advise the Court that the parties are unable to reach a pre-trial resolution and ask the Court to vacate as moot its oral briefing order entered on July 26, 2023. Please advise us whether we can represent your agreement that the briefing order should be vacated by August 11, 2023.

Sincerely,

DAVID C. WEISS
United States Attorney

By: _____

Leo J. Wise
Derek E. Hines
Special Assistant United States Attorneys

Benjamin L. Wallace
Assistant United States Attorney

cc: Brian C. McManus, Esq. (Latham & Watkins LLP)
     Matthew S. Salerno, Esq. (Latham & Watkins LLP)
     Timothy H. McCarten, Esq. (Latham & Watkins LLP)
     Richard I.G. Jones, Jr., Esq. (Berger Harris, LLP)