Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone:  (202) 282-5000
Facsimile:   (202) 282-5100

*Attorneys for Robert Hunter Biden*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES | **Case No. 2:23-cr-00599-MCS-1** |
| Plaintiff, | *Hon. Mark C. Scarsi* |
| vs. | **DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS PRETRIAL MOTIONS** |
| ROBERT HUNTER BIDEN, | |
| Defendant. | |

# MEMORANDUM

**Misdemeanor Plea:** During the March 27, 2024 hearing, the Court asked how a misdemeanor plea would exist with the Diversion Agreement, which seems to encompass tax issues.  First, the unusual format—an immunity provision being in the Diversion Agreement and not the Plea Agreement—was the U.S. Attorney's format and something that they insisted upon.  If this format created any ambiguity, that cuts against their position because courts "construe ambiguities in the plea agreement against the government and will use the defendant's reasonable beliefs at the time of pleading to construe the agreement." *United States v. Wingfield*, 401 F. App'x 235, 236 (9th Cir. 2010).  Second, the plea information was filed first and, as Mr. Wise stated in court, there was a good faith understanding that the misdemeanor plea would occur.  (3/27/2024 Hearing Tr. at 28–29.)  The immunity provision would cover any other tax charge.  The idea that Mr. Biden would resolve the investigation with a plea to two tax misdemeanors and one diverted gun charge is not inconsistent with the existence and enforceability of the Diversion Agreement and its immunity clause for anything related to any additional tax, gun, or drug issues.

**Diversion Agreement Statement of Facts:** During the March 27 colloquy regarding Mr. Biden's Motion to Dismiss Counts 1–4 for Improper Venue, the Court asked counsel about a sentence in the Diversion Agreement's Statement of Facts (stating that Mr. Biden "moved to California in the spring of 2018").  Mr. Wise then argued that Mr. Biden's motion contesting venue undercuts his argument that the Diversion Agreement is in effect.  At the time, counsel for Mr. Biden did not direct the Court to the sentence following the one in question, which explained that Mr. Biden's "move" to California was when he was abusing drugs and was followed shortly thereafter by his enrollment in a specific California rehabilitation program in August 2018.  (ECF 25-2 at 11.)  The next sentence reads, "He relapsed shortly thereafter, and his crack cocaine use continued when he *returned* to the East Coast in fall of 2018." *Id* (emphasis added).  The type of temporary move described in these sentences neither indicates he became a tax resident of California

nor undercuts (or takes a position contrary to) the efficacy and existence of the Diversion Agreement.

Date: April 1, 2024                              Respectfully submitted,

By: */s/ Angela M. Machala*
Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile:  (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile:  (202) 282-5100

*Attorneys for Robert Hunter Biden*