# EXHIBIT QQ

FILED
CLERK, U.S. DISTRICT COURT
3/21/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___TV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MILTON C. GRIMES,<br><br>　　　　Defendant. | No. 2:24-cr-00190-SB<br><br>I N D I C T M E N T<br><br>[26 U.S.C. § 7201: Attempt to Evade and Defeat Tax; 26 U.S.C. § 7203: Willful Failure to Pay Tax] |

The Grand Jury charges:

## COUNT ONE

[26 U.S.C. § 7201]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.  Defendant MILTON C. GRIMES resided in Los Angeles, California, within the Central District of California.

2.  Defendant GRIMES was an attorney licensed to practice law in the State of California. Defendant GRIMES provided legal services to clients in exchange for attorney's fees.

3. Defendant GRIMES was the sole shareholder of a law firm, Milton C. Grimes, A Professional Corporation ("MG APC"), which provided legal services in Los Angeles, California.

4. Defendant GRIMES opened and had sole signatory authority over personal bank accounts at California Bank & Trust ("CB&T"), J.P. Morgan Chase ("JPMC"), Bank of America ("BOA"), and MUFG Union Bank ("Union Bank") (collectively, "personal bank accounts").

5. Defendant GRIMES opened and had sole signatory authority over bank accounts in the name of MG APC at CB&T and BOA and accounts in his name doing business as Law Offices of Milton C. Grimes at Wells Fargo (collectively, "business bank accounts").

6. An "official check" – which was also known as a "cashier's check," "bank check," or "certified check" – was a negotiable instrument issued by a bank and directly draws on the bank's funds.

7. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

8. IRS Form 1040, U.S. Individual Income Tax Return, ("Form 1040") was a form used by U.S. taxpayers to file annual income tax returns.

9. An IRS levy permits the legal seizure of an individual's property to satisfy a tax debt and can be used to garnish wages, take money from financial accounts, and seize and sell assets.

<u>Tax Assessments</u>

10. Defendant GRIMES filed IRS Forms 1040 with the IRS reporting taxable income and tax due for tax years as follows:
//

2

| Tax Year | Approximate Filing Date | Taxable Income | Reported Amount of Tax Due |
|---|---|---|---|
| 2010 | February 18, 2014 | $0 | $23,392 |
| 2014 | February 15, 2016 | $3,977,447 | $1,690,922 |
| 2018 | December 2, 2020 | $1,395,581 | $550,954 |
| 2019 | July 18, 2020 | $61,602 | $31,225 |
| 2020 | July 28, 2022 | $57,188 | $17,460 |
| 2021 | March 11, 2023 | $285,029 | $104,097 |

11. Defendant GRIMES did not pay the taxes due and owing when he filed his Forms 1040 for the years listed above.

IRS Collection Efforts

12. From at least in or around September 2011, the IRS attempted to collect defendant GRIMES's reported tax due and owing, namely by issuing levies on his personal bank accounts.

13. The IRS issued at least 30 levies to financial accounts, including bank accounts, controlled by defendant GRIMES.

14. With the exception of IRS levies issued in or around October 2016, the levies were largely unsuccessful in securing payment of the tax due.

B. EVASION OF PAYMENT OF TAXES

15. From at least in or about May 2014 through in or about April 2020, in the Central District of California and elsewhere, defendant GRIMES willfully attempted to evade and defeat the payment of approximately $1,714,314 income tax due and owing by him to the United States of America for tax years 2010 and 2014, by keeping income he earned for services rendered to his clients in his business bank accounts and routinely purchasing cashier's checks and withdrawing cash from those business bank accounts, thereby limiting the funds available to levy by the IRS to satisfy his outstanding liabilities out of his personal bank accounts. Such acts include:

3

   a. Defendant GRIMES's purchase of sixteen cashier's checks worth approximately $5,392,500 on January 13, 2015, following the deposit of approximately $5,400,000 on December 21, 2014, into defendant GRIMES's CB&T business bank accounts.

   b. Defendant GRIMES's purchase of three cashier's checks worth approximately $140,000 on December 4, 2017, following the deposit of approximately $150,763 on December 2, 2017, into defendant GRIMES's BOA business bank accounts.

   c. Defendant GRIMES's purchase of nine cashier's checks worth approximately $1,001,961 on December 5, 2018, following the deposit of the same amount on the same date into defendant GRIMES's BOA business bank accounts.

 16. In total, defendant GRIMES purchased approximately 238 cashier's checks worth approximately $16 million between at least in or about May 2014 and in or about April 2020 from money deposited into defendant GRIMES's business bank accounts that defendant GRIMES should have paid to satisfy his outstanding tax liability for 2010 and 2014.

4

COUNT TWO

[26 U.S.C. § 7203]

17. Paragraphs 1 through 3, 7, 8, 10, and 11 of this Indictment are incorporated here.

18. During the calendar year 2018, defendant GRIMES had and received taxable income of $1,395,581, on which taxable income there was owing to the United States of America an income tax of $550,954. Defendant GRIMES was required by law to pay such tax on or before April 17, 2019, to any person assigned the responsibility to receive payments at the IRS Service Center in Fresno, California, or to any other proper officer of the United States. Well knowing all of the foregoing, on April 17, 2019, in the Central District of California and elsewhere, defendant GRIMES willfully failed to pay the income tax due for calendar year 2018.

5

COUNT THREE

[26 U.S.C. § 7203]

19. Paragraphs 1 through 3, 7, 8, 10, and 11 of this Indictment are incorporated here.

20. During the calendar year 2019, defendant GRIMES had and received taxable income of $61,602, on which taxable income there was owing to the United States of America an income tax of $31,225. Defendant GRIMES was required by law to pay such tax on or before July 15, 2020, to any person assigned the responsibility to receive payments at the IRS Service Center in Fresno, California, or to any other proper officer of the United States. Well knowing all of the foregoing, on July 15, 2020, in the Central District of California and elsewhere, defendant GRIMES willfully failed to pay the income tax due for calendar year 2019.

COUNT FOUR

[26 U.S.C. § 7203]

21. Paragraphs 1 through 3, 7, 8, 10, and 11 of this Indictment are incorporated here.

22. During the calendar year 2020, defendant GRIMES had and received taxable income of $57,188, on which taxable income there was owing to the United States of America an income tax of $17,460. Defendant GRIMES was required by law to pay such tax on or before May 17, 2021, to any person assigned the responsibility to receive payments at the IRS Service Center in Fresno, California, or to any other proper officer of the United States. Well knowing all of the foregoing, on May 17, 2021, in the Central District of California and elsewhere, defendant GRIMES willfully failed to pay the income tax due for calendar year 2020.

COUNT FIVE

[26 U.S.C. § 7203]

23. Paragraphs 1 through 3, 7, 8, 10, and 11 of this Indictment are incorporated here.

24. During the calendar year 2021, defendant GRIMES had and received taxable income of $285,029, on which taxable income there was owing to the United States of America an income tax of $104,097. Defendant GRIMES was required by law to pay such tax on or before April 18, 2022, to any person assigned the responsibility to receive payments at the IRS Service Center in Fresno, California, or to any other proper officer of the United States. Well knowing all of the foregoing, on April 18, 2022, in the Central District of

//
//
//

8

California and elsewhere, defendant GRIMES willfully failed to pay the income tax due for calendar year 2021.

                                        A TRUE BILL


                                         ___/s/_____
                                         Foreperson


E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

KRISTEN A. WILLIAMS
Assistant United States Attorney
Chief, Major Frauds Section

VALERIE L. MAKAREWICZ
Assistant United States Attorney
Major Frauds Section

SARA E. HENDERSON
Trial Attorney, Tax Division
United States Department of Justice

9