Mark J. Geragos (SBN 108325)
Tina Glandian (SBN 251614)
Setara Qassim (SBN 283552)
GERAGOS & GERAGOS APC
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone:  (213) 625-3900
Facsimile:  (213) 232-3255

Angela M. Machala (SBN: 224496)
AMachala@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036-3508
Telephone:  (202) 282-5000
Facsimile:  (202) 282-5100

*Attorneys for Robert Hunter Biden*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HUNTER BIDEN,<br><br>Defendant. | **Case No. 2:23-CR-00599-MCS-1**<br><br>*Hon. Mark C. Scarsi*<br><br>**DEFENDANT'S NOTICE OF MOTION AND AMENDED MOTION TO DISMISS FOR LACK OF JURISDICTION**<br><br>Hearing Date:  August 5, 2024<br>Time:  3:00 p.m.<br>Place:  Courtroom 7C |

**NOTICE OF MOTION AND MOTION**

TO: SPECIAL COUNSEL DAVID WEISS, PRINCIPAL SENIOR ASSISTANT SPECIAL COUNSEL LEO J. WISE, SENIOR ASSISTANT SPECIAL COUNSEL DEREK E. HINES

PLEASE TAKE NOTICE that on August 5, 2024, at 3:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Mark C. Scarsi, Defendant Robert Hunter Biden, by and through his attorneys of record, will, and hereby does, respectfully move this Court for an order dismissing the indictment pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure for lack of jurisdiction and a defect in instituting the prosecution because of the unlawful appointment of Special Counsel David Weiss in violation of the Appointments Clause and the Appropriations Clause. To the extent the Court has already considered and ruled on related matters, the Court should reconsider its previous April 1, 2024 decision (D.E.67) to correct clear errors of law and prevent manifest injustice to Mr. Biden.

This motion is made and based upon the attached Memorandum of Points and Authorities, the Declaration of Mark Geragos and its exhibits, the pleadings, papers, and documents on file with the Court, the oral arguments of counsel, and such other matters as the Court may deem proper to consider.

Date: July 28, 2024                         Respectfully submitted,

/s/ *Mark J. Geragos*
Mark J. Geragos (SBN 108325)
Tina Glandian (SBN 251614)
Setara Qassim (SBN 283552)
GERAGOS & GERAGOS APC
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone: (213) 625-3900
Facsimile:  (213) 232-3255

| | |
|---|---|
| 1 | /s/ *Angela M. Machala* |
| 2 | Angela M. Machala (SBN: 224496) |
|   | AMachala@winston.com |
| 3 | WINSTON & STRAWN LLP |
| 4 | 333 S. Grand Avenue, 38th Fl. |
|   | Los Angeles, CA 90071-1543 |
| 5 | Telephone: (213) 615-1700 |
| 6 | Facsimile:  (213) 615-1750 |
| 7 | Abbe David Lowell (*admitted pro hac vice*) |
| 8 | AbbeLowellPublicOutreach@winston.com |
|   | Christopher D. Man |
| 9 | CMan@winston.com |
| 10 | WINSTON & STRAWN LLP |
|   | 1901 L Street NW |
| 11 | Washington, DC 20036 |
| 12 | Telephone: (202) 282-5000 |
|   | Facsimile:  (202) 282-5100 |
| 13 | |
| 14 | *Attorneys for Robert Hunter Biden* |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

This prosecution (and another in Delaware) did not occur until after unprecedented political pressure was brought to forego an agreed-upon resolution of a four-year investigation. Following the same outside criticism and after the U.S. Attorney in this District declined to indict Hunter Biden, David Weiss sought and obtained an appointment as Special Counsel, pursuant to which he brought this indictment. Mr. Biden brings this motion for lack of jurisdiction to challenge as unconstitutional the appointment and subsequent unlawful funding of these cases.

Mr. Biden previously moved to dismiss the indictment because the Special Counsel was improperly appointed in violation of a Department of Justice regulation and because he relied upon an appropriation that did not apply to the Special Counsel, but the motion he brings now is slightly different and builds on recent legal developments.[1] On July 1, 2024, in *Trump v. United States*, which concerned former President Trump's immunity claims with respect to an indictment brought by a different Special Counsel, Justice Thomas filed a concurring opinion raising a more fundamental antecedent question of whether the Special Counsel was validly appointed under the Appointments Clause. 144 S. Ct. 2312, 2347 (2024). Guided by Justice Thomas' opinion, Judge Cannon dismissed an indictment against Mr. Trump this week because the Special Counsel was unconstitutionally appointed. *United States v. Trump*, 2024 WL 3404555 (S.D. Fla. July 15, 2024). Based on these new legal developments, Mr. Biden moves to dismiss the indictment because the Special Counsel who initiated this prosecution was appointed in violation of the Appointments Clause as well. The Attorney General relied on the exact same authority to appoint the Special Counsel in

---

[1] At the May 22, 2024 hearing on Mr. Biden's *ex parte* application for a temporary restraining order, in addressing "success on the merits," Your Honor raised that there were no decisions by any other courts on one of the issues being raised. 5/22/2024 Tr. 9:5-16 (emphasis added). That is no longer the case.

both the Trump and Biden matters, and both appointments are invalid for the same reason. Invalidating the Special Counsel appointment also results in an Appropriations Clause violation, as there is no appropriation by Congress for this prosecution. Who the individual is who is the subject of investigation by an improperly appointed Special Counsel cannot make a difference in applying the law.

## ARGUMENT

### I. THE SPECIAL COUNSEL'S APPOINTMENT IS UNCONSTITUTIONAL BECAUSE CONGRESS HAS NOT ESTABLISHED AN OFFICE OF SPECIAL COUNSEL

The constitutional flaw at the center of the Special Counsel's appointment is that Congress has not established the office of a Special Counsel. The Appointments Clause requires the President nominate and the Senate confirm principal officials of the United States,[2] but the positions of inferior officials "established by Law" may be filled through appointments by the President or the heads of departments. U.S. Const., art. II, § 2, cl. 2. While there is an open question as to whether the Special Counsel is a principal officer who must be nominated by the President and confirmed by the Senate—which is not how David Weiss was appointed Special Counsel—the Attorney General's appointment of the Special Counsel as an inferior official fails as well because Special Counsel is not a position "established by Law." "Before the President or a Department Head can appoint any officer, however, the Constitution requires that

---

[2] Judge Cannon reluctantly concluded that the Special Counsel is an inferior officer—having found compelling reasons for why he should be treated as a principal officer—because she felt constrained by existing precedent. *Trump*, 2024 WL 3404555, at *34. Mr. Biden agrees with Judge Cannon that the Supreme Court's decision in *Morrison v. Olson*, 487 U.S. 654 (1988), upholding the appointment of an Independent Counsel against a similar challenge over Justice Scalia's powerful dissent has seemingly been gutted by subsequent decisions but remains a controlling precedent until it is overruled. *Id.* at *36 n.54. Mr. Biden calls for *Morrison* to be overruled and for the indictment to be dismissed because Special Counsel Weiss was not appointed in conformance with the nomination and confirmation process. Nevertheless, he appreciates as Judge Cannon did that a District Court cannot overrule a decision from the Supreme Court.

1  the underlying office be 'established by Law.'" *Trump*, 144 S. Ct. at 2348 (Thomas,
2  J., concurring). That phrase requires statutory authority. *See, e.g.*, *Id*; *Trump*, 2024
3  WL 3404555, at *8.[3] Consequently, the Constitution gives "the President the power to
4  *fill* offices (with the Senate's approval), but not the power to *create* offices." *Trump*,
5  144 S. Ct. at 2349 (Thomas, J., concurring). "Our Constitution leaves it in the hands
6  of the people's elected representatives to determine whether new executive offices
7  should exist." *Id.*

8  Justice Thomas expressed that he was "not sure that any office for the Special
9  Counsel has been 'established by Law,' as the Constitution requires," because there is
10 no apparent statutory authority establishing the position. *Id.* at 2347-48. "By requiring
11 that Congress create federal offices 'by Law,'" Justice Thomas explained, "the
12 Constitution imposes an important check against the President—he cannot create
13 offices at his pleasure. If there is no law establishing the office that the Special Counsel
14 occupies, then he cannot proceed with this prosecution." *Id.* "We cannot ignore the
15 importance that the Constitution places on *who* creates a federal office. . . . If Congress
16 has not reached a consensus that a particular office should exist, the Executive lacks
17 the power to create and fill an office of his own accord." *Id.* at 2350.

18 Congress has established numerous positions in the Department of Justice. As
19 Justice Thomas noted, Congress created "the offices of Attorney General and U. S.
20 Attorney for each district" and "Congress has created several offices within the
21 Department of Justice, including the offices of the Attorney General, Deputy Attorney
22 General, Associate Attorney General, Solicitor General, and Assistant Attorneys
23 General." *Id.* at 2349-50. In the past, Congress appointed a "Special Counsel" to
24 investigate the Teapot Dome scandal, and Congress established the now lapsed role of

---

[3] No one seems to contest this principle. *Trump*, 2024 WL 3404555, at *44 (noting Special Counsel Smith's agreement). In any event, Special Counsel Weiss acknowledges he was not appointed pursuant to the Special Counsel regulations, given that those regulations bar a government insider from being appointed Special Counsel. (D.E.36 at 6-7.)

the "Independent Counsel" through the Independent Counsel Act. *Id.* at 2350. Congress, however, has not created a position for a Special Counsel that exists today and that omission is telling and critical. *See* Brett M. Kavanaugh, *The President and the Independent Counsel*, 86 Geo. L.J. 2133, 2136–37 (1998) (urging Congress to enact "special counsel" legislation to replace the Independent Counsel Act).

Justice Thomas explained: "It is difficult to see how the Special Counsel has an office 'established by Law,' as required by the Constitution. When the Attorney General appointed the Special Counsel, he did not identify any statute that clearly creates such an office." *Trump*, 144 S. Ct. at 2349 (Thomas, J., concurring). The same is true of the appointment of Special Counsel Weiss.

As with the appointment of Special Counsel Jack Smith to investigate President Trump, the Attorney General relied upon the same statutory authority in appointing Special Counsel Weiss to investigate Hunter Biden: 28 U.S.C. §§ 509, 510, 515 and 533. *Compare* A.G. Order No. 5730-2023 (Aug. 11, 2023) (Special Counsel Weiss appointment) *with* A.G. Order No. 5559-2022 (Nov. 18, 2022) (Special Counsel Smith appointment). But none of these statutes creates an office for a Special Counsel. Justice Thomas and Judge Cannon rejected each of the bases offered by the Attorney General.

Given the importance of the constitutional issue, Judge Cannon suggested that a clear statement rule may be warranted. *Trump*, 2024 WL 3404555, at *9. Mr. Biden believes such a clear statement rule is warranted, requiring Congress to clearly establish an office to be filled. Nevertheless, Judge Cannon did not need to decide the issue because each of the grounds suggested by the Attorney General fails to support his authority to appoint a Special Counsel even under a less rigorous statutory analysis. Mr. Biden agrees with that as well.

Looking at the statutory authority cited by the Attorney General, Judge Cannon "conclude[d] that none vests the Attorney General with authority to appoint a Special Counsel like Smith, who does not assist a United States Attorney but who replaces the

role of United States Attorney within his jurisdiction." *Trump*, 2024 WL 3404555, at *11. The same is true here, and it undermines the President's nomination and Senate's confirmation of Martin Estrada as U.S. Attorney in this District. In fact, Mr. Estrada expressly *declined* to bring or join in the Special Counsel's prosecution of this case.[4] It turns the Appointments Clause on its head for the Attorney General to circumvent the person appointed to bring prosecutions in this California district and give that responsibility instead to a person the President nominated and Senate confirmed to bring charges only in Delaware. It is inconceivable that this is what Congress intended.

Section 509 addresses only the responsibilities "vested in the Attorney General" with exceptions for certain other DOJ officials and employees, but none address any responsibilities given to a "Special Counsel." It is of no relevance whatsoever to the Special Counsel. *Trump*, 144 S. Ct. at 2350 (Thomas, J., concurring); *Trump*, 2024 WL 3404555, at *12.

Section 510 is no better. It generically allows the Attorney General to delegate "any function of the Attorney General" to another DOJ employee. Neither provision allows the Attorney General to appoint someone to a new position, such as Special Counsel, it merely allows the delegation of additional authority. *Trump*, 144 S. Ct. at 2350 (Thomas, J., concurring); *Trump*, 2024 WL 3404555, at *12. This is not the course followed here as U.S. Attorney Weiss did not ask for some delegation of additional authority; he specifically asked to be appointed to a different office altogether – "Special Counsel." As U.S. Attorney he had years to bring whatever charges he believed were merited, but he brought no indictments until after he received the Special Counsel title that he sought.

---

[4] Betsy Woodruff Swan, Federal prosecutor to Congress: I didn't hinder Hunter Biden probe, *Politico* (10/27/2023), https://www.politico.com/news/2023/10/27/hunter-biden-tax-charges-california-00124037 (attached as Ex. A to Geragos Decl.).

1  The type of delegation made here also would conflict with 28 U.S.C. § 541, which requires the President to nominate and the Senate to confirm appointments as a U.S. Attorney.  If the Attorney General could use Section 510 to appoint a "Special Counsel" with all the authority and more of a U.S. Attorney on his own, he could circumvent this process for appointing U.S. Attorneys altogether with no nomination by the President or confirmation by the Senate.  There would be no need for U.S. Attorneys at all.  Likewise, the Attorney General could strip lawfully appointed U.S. Attorneys of their power and assign them to a person chosen by the Attorney General as "Special Counsel" instead.  A statutory construction that yields absurd results must be rejected.

Judge Cannon noted that "the Special Counsel's powers are arguably broader than a traditional United States Attorney, as he is permitted to exercise his investigatory powers across multiple districts within the same investigation." *Trump*, 2024 WL 3404555, at *39.  That is true of Special Counsel Weiss who brought no indictments in this investigation with his U.S. Attorney position but, as Special Counsel, initiated legal proceedings on both sides of the country against Mr. Biden in Delaware and California, as well as in Nevada and California against Alexander Smirnov.  No U.S. Attorney has that power.  Given that Congress requires a U.S. Attorney to be nominated by the President and confirmed by the Senate, it makes no sense to assume that Congress would allow the Attorney General to unilaterally appoint someone as Special Counsel with equal or greater power than a U.S. Attorney.

In effect, the Attorney General's view allows him to use Section 510 to engage in a game of bait-and-switch with the President and the Senate.  The President and Senate may agree that one person should be nominated for a particular position, but that does not mean that they would agree that the nominee should be confirmed to any position.  Nevertheless, in the Attorney General's view he can use Section 510 to transform the position of an appointed person into a completely different position.  Here, the President and the Senate confirmed Mr. Weiss to be the U.S. Attorney for the

[Margin comment: **Deleted:** charges]

1  District of Delaware; neither the President nominated nor the Senate confirmed Mr.
2  Weiss to a position with all the powers of the Special Counsel.  Presumably, under this
3  view, the Attorney General could assign Mr. Weiss' authority as U.S. Attorney to
4  someone else entirely, such that his job would be completely different from the one for
5  which he was nominated and confirmed.  Plainly, that is not what Congress intended.
6  Section 510 allows for only the delegation of routine functions, not the creation of a
7  new position with a new title.  Again, Mr. Weiss did not seek a delegation of authority
8  under Section 510; he sought Special Counsel status before bringing any indictments.
9  And, again, the officer duly nominated and confirmed – the actual U.S. Attorney for
10 the District – took a different course than the Special Counsel in charging Mr. Biden.

11       Section 515 also provides inadequate support for the appointment of a Special
12 Counsel.  Rather than create a "Special Counsel" position, Section 515(b) authorizes
13 the Attorney General to designate a "special assistant to the Attorney General or special
14 attorney."  Not only are these titles not "Special Counsel," Judge Cannon explains they
15 are not even similar positions. "Special Attorneys" assist a U.S. Attorney, but Special
16 Counsel initiate cases on their own free of any involvement by the U.S. Attorney. *See*
17 28 U.S.C. §§ 519, 543; *Trump*, 2024 WL 3404555, at *15.  Likewise, Judge Cannon
18 found the "special assistant" to have "the same functional meaning" as "special
19 attorney," except that the subordinate assistance is provided to the Attorney General
20 rather than a U.S. Attorney.  *Trump*, 2024 WL 3404555, at *17 n.24.

21       The Attorney General surely recognizes that the authority delegated to a "Special
22 Counsel" goes far beyond the authority that can be delegated to a "special assistant" or
23 "special attorney," otherwise he would have given Mr. Weiss one of those titles instead
24 and there likely would have been no need to even create the Special Counsel
25 regulations.  The Special Counsel makes the decision as to who to prosecute, not the
26 Attorney General or the U.S. Attorney, so the Special Counsel is not assisting anyone
27 else with their work.

28

Deleted: charges

Section 515(a) is even weaker authority for appointing a "Special Counsel" as it does not involve appointing anyone to a new position at all. It allows a Department official, "when specifically directed by the Attorney General, [to] conduct any kind of legal proceeding," regardless of the district in which they reside. 28 U.S.C. § 515(a). But Special Counsel Weiss was not "specifically directed by the Attorney General [to] conduct any kind of legal proceeding;" rather the whole point of the Special Counsel appointment was for Special Counsel Weiss to conduct "a full and thorough investigation" and he "is authorized to prosecute federal crimes in any federal judicial district arising from the investigation of these matters." A.G. Order No. 5730-2023 (Special Counsel Weiss appointment). The investigation conducted by the Special Counsel is not a legal proceeding and any prosecution the Special Counsel chooses to initiate is based on his decision it is not "specifically directed by the Attorney General."

Reliance upon Section 533 to support authority to appoint a Special Counsel borders on the incredible. To begin, "this provision would be a curious place for Congress to hide the creation of an office for a Special Counsel. It is placed in a chapter concerning the Federal Bureau of Investigation," rather in the sections dealing with the authority of a U.S. Attorney or Independent Counsel. *Trump*, 144 S. Ct. at 2351 (Thomas, J., concurring). Even the Special Counsel regulations do not cite Section 533 as authority for issuing them, and it has only been cited in the appointments of Special Counsel Smith and Weiss, not in the appointment of any prior Special Counsel. *Trump*, 2024 WL 3404555, at *21. In the context of a provision for the FBI, this provision that allows the Attorney General to appoint persons "to detect and prosecute crimes against the United States" cannot be given an "interpretation [that] would shoehorn appointment authority for United States Attorney equivalents into a statute that permits the hiring of FBI law enforcement personnel." *Id.* Doing so would be completely inconsistent with the statutory scheme and violate the Appointments Clause and separation of powers. *Id.* at 26.

1   In short, none of the statutory authority identified by the Attorney General's
2   appointment of the Special Counsel authorizes the appointment of anyone to the role
3   of Special Counsel. Because Congress did not create such a position, it cannot be filled
4   by the Attorney General.

## II. THE INDICTMENT WAS BROUGHT IN VIOLATION OF THE APPROPRIATIONS CLAUSE

Mr. Biden previously challenged the Special Counsel's reliance on an appropriation for "independent counsel" because he is not "independent" of the U.S. government (D.E.62), but Judge Cannon found that Special Counsel Smith was ineligible to use this appropriation for a different reason: there was no statutory authority for his appointment as Special Counsel. *Trump*, 2024 WL 3404555, at *43. The same is true of Special Counsel Weiss, as explained above, which compels the same result here. Moreover, Special Counsel Weiss' additional flaw of not being eligible because he is not "independent" deprives him of a valid appropriation.

## III. THIS MOTION IS TIMELY

"A motion that the court lacks jurisdiction may be made at any time while the case is pending" under Rule 12(b)(2) and that certainly is true when an indictment is brought by an unauthorized prosecutor. *Trump*, 2024 WL 3404555, at *45-46; *see United States v. Durham*, 941 F.2d 886, 892 (9th Cir. 1991) (reversing district court's denial of defendant's mid-trial motion challenging a Special Assistant U.S. Attorney authority as untimely because the motion went to the court's jurisdiction and could be filed at any time). In *Hatch v. United States*, the Ninth Circuit reversed a district court for denying a post-trial motion to dismiss for lack of jurisdiction as untimely, holding the motion should be granted and that under Rule 12(b)(2) the defendant "did not raise this defense too late." 919 F.3d 1394, 1398 (9th Cir. 1990). In doing so, the Ninth Circuit noted it previously allowed such a defense to be raised for the first time in seeking a panel rehearing. *Id.* at 1397 (citing *Hotch v. United States*, 212 F.2d 280 (9th

Cir. 1954)), where the Ninth Circuit initially affirmed a conviction but then reversed based on a new jurisdictional argument raised in seeking rehearing); *see also United States v. Lee*, 1992 WL 144716, at *2 (9th Cir. June 25, 1992) (vacating conviction based on a jurisdictional argument first raised on appeal); *United States v. Arbo*, 691 F.2d 862, 865 (9th Cir. 1982) (allowing jurisdictional defense to be raised for the first time on appeal); *United States v. Heath*, 509 F.2d 16, 19 (9th Cir. 1974) (same).

This motion is timely under Rule 12(b)(2) and there is good cause for Mr. Biden to pursue this motion under Federal Rule of Criminal Procedure 12(c)(3), where the defects raised here were only recently addressed by Justice Thomas on July 1, 2024 and by Judge Cannon just this week. Few cases are ever brought by a Special Counsel or similarly appointed Special Prosecutors, and this defect has long eluded other litigants. *See Trump*, 144 S. Ct. at 2351 (Thomas, J., concurring) (explaining the issue was not raised in *United States v. Nixon*, 418 U.S. 683 (1974)); *Trump*, 2024 WL 3404555, at *27 (same). Now that the defect has been recognized and used to invalidate an indictment brought by the Special Counsel against former President Trump, the equivalent result should be available to Mr. Biden. Different defendants but same constitutional flaws.

## CONCLUSION

The Court should dismiss the indictment.

Dated: July 28, 2024                    Respectfully submitted,


/s/ *Mark J. Geragos*
Mark J. Geragos (SBN 108325)
Tina Glandian (SBN 251614)
Setara Qassim (SBN 283552)
GERAGOS & GERAGOS APC
Los Angeles, CA 90017-3411
Telephone: (213) 625-3900
Facsimile: (213) 232-3255

/s/ *Angela M. Machala*

Deleted: 18

| | |
|---|---|
| 1 | Angela M. Machala (SBN: 224496) |
| 2 | AMachala@winston.com |
| | WINSTON & STRAWN LLP |
| 3 | 333 S. Grand Avenue, 38th Fl. |
| 4 | Los Angeles, CA 90071-1543 |
| | Telephone: (213) 615-1700 |
| 5 | Facsimile:  (213) 615-1750 |

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile:  (202) 282-5100

*Counsel for Robert Hunter Biden*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2024, I filed the foregoing Amended Motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Mark J. Geragos*
Mark J. Geragos

*Counsel for Robert Hunter Biden*

Deleted: 18