DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:  (771) 217-6091
    E-mail:      LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HUNTER BIDEN,<br><br>Defendant. | No. CR 23-cr-00599-MCS<br><br>**GOVERNMENT'S SEVENTH MOTION _IN LIMINE_ TO PRECLUDE IMPROPER STATEMENTS & ARGUMENT REGARDING FACTS NOT IN EVIDENCE**<br><br>PTC Date:       August 21, 2024<br>PTC Time:       1:00 p.m.<br>Location:        Courtroom of the Hon.<br>                       Mark C. Scarsi |

Plaintiff United States of America, by and through its counsel of record, hereby files its Motion _in Limine_ to preclude improper statements, testimony by counsel and argument regarding facts not in evidence.

On July 30, 2024, the United States requested defense counsel's position on this motion.  Counsel for the defendant did not respond and provide a position.

This motion is based upon the attached memorandum of points and authorities, the indictment in this case, and any further evidence and argument as the Court may deem necessary.

Dated: July 31, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/_____
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

In the defendant's trial on firearms charges in the United States District Court for the District of Delaware, *United States v. Biden*, No. 23-cr-61 (MN), defense counsel made numerous arguments to the jury about facts the defense claimed that he intended to present but then failed to do so. Defense counsel should be prevented from doing the same in the trial in this case.

## I.     ARGUMENT

Defense counsel should be precluded from testifying to facts which are not in evidence, including facts about the defendant's personal history. Specifically, because evidence about the possible causes of the defendant's addiction are not relevant under Fed. R. Evid. 401, they should be excluded.

### A. **Defense Counsel Repeatedly Testified to Facts Not in Evidence During the Defendant's June 2024 Trial.**

In June 2024, the defendant was convicted of illegally possessing a firearm and making false statements after a jury trial in the District of Delaware. *Id.* at Minute Entry for June 11, 2024. He was represented at that trial by the same counsel that represents him in this case. Throughout the trial, defense counsel repeatedly made improper statements about facts that were not in evidence. Specifically, counsel made numerous statements relating to the defendant's personal history, including claims that he turned to drugs later in his life as a result of personal traumas. These facts were not in the record, as the defendant did not introduce them through either exhibits or witness testimony.

In particular, during defense counsel's opening statement, he repeatedly made testimonial statements about the defendant's background. In discussing potential witnesses, he also made factual assertions about the defendant, but then never actually called those witnesses. For example, defense counsel stated that "[o]ver the years, you will see the evidence that Hunter sought treatment for the cause of his grief and trauma that had led him to his abuse of alcohol and drugs." R.T. 6/4/24: 349. Defense counsel's assertion that the defendant's trauma led to his drug use is a factual assertion that only a

fact witness could testify to, and no fact witness actually did so. Counsel also stated that James Biden, the defendant's uncle, "will explain why he is so close to Hunter. He was the person on the scene literally hours after that fatal car crash. Jimmy took care of Hunter and Beau after that, and became more than an uncle, he was a friend, and he became a business partner." R.T. 6/4/24: 351-52. Despite the fact that James Biden was present in the courtroom with his counsel on the day defense counsel informed government counsel and the Court that the defense would be calling him as a witness, the defense did not call him. Defense counsel therefore made these additional factual assertions during his opening statement, even though they were never introduced into the record. The government raised concerns about defense counsel's factual assertions. In response, defense counsel stated to the court, "I said I'm making a proffer and the Court - - I understand the rules, each one of these [personal background facts] will be submitted with a witness, I don't have to tell them [the government] in advance which witness it is, but I am making a statement to the Court, there is three or four witnesses, including his uncle and his daughter, if need be." R.T. 6/4/24: 305. Despite making these factual representations to the court, defense counsel failed to actually present these facts to the jury. Defense counsel should be prevented from doing so again. Clearly, defense counsel was only permitted to make these statements after proffering that he had a good faith basis and would establish their veracity through witnesses, but he never did so.

During his opening statement, defense counsel made a number of other statements about the defendant's state of mind, even though the defendant did not testify. For example, he stated that "Hunter has never asked anyone to excuse or forgive him for his mistakes using alcohol or drugs, to dull his pain or his trauma," R.T. 6/4/24: 351, and that "Hunter never came to those terms with the true depth of his trauma and his abuse of alcohol and drugs until he met his wife Melissa in 2019." R.T. 6/4/24: 351. Defense counsel also stated "so many people, including Hunter,…are in a deep state of denial about their use." R.T. 6/4/24: 348-49. He also testified to conversations the defendant had to

which no one had testified "he spoke with his father, his uncle." R.T. 6/4/24: 353. These facts were never introduced into the record in the case.

Defense counsel also misstated that the defendant did not contest the fact that he was addicted to drugs. He claimed that the prosecutors would show the jury "dozens of e-mails or texts which reference what Hunter does not dispute, he had abused alcohol since he was a teenager and drugs as an adult." R.T. 6/4/24: 347. To the contrary, the defendant never stipulated to any of the evidence that the government introduced to prove his use and addiction to controlled substances, so the government was required to prove this element of the charged offense.

**B. Defense Counsel Should Be Precluded From Testifying About Facts Not in Evidence, Including the Defendant's Personal History**

It is well-established that, during trial, attorneys cannot testify about facts not in evidence. *See, e.g.*, *United States v. Wright*, 625 F.3d 583, 610 (9th Cir. 2010) (improper vouching occurs when counsel suggests that witness testimony is supported by information outside that presented to the jury). Given defense counsel's track record of flagrantly violating of this rule, defense counsel should be precluded from doing so in the trial in this case.

Opening statements "should be limited to a statement of facts which the [party] intends or in good faith expects to prove." *Leonard v. United States*, 277 F.2d 834, 841 (9th Cir. 1960); *see also, United States v. McCabe*, 131 F.3d 149, at *4 (9th Cir. 1997) (noting that opening statements should not "refer to matters that are not to be presented as evidence") (quoting *United States v. Dinitz*, 424 U.S. 600, 612 (1976)). Defense counsel's opening statement in the Delaware case was replete with facts which he never proved and promises about testimony and witnesses from whom the jury never heard.

While the defendant has every right to testify on his own behalf, or to choose to not testify, he cannot choose to not testify, and thereby avoid cross-examination, only to have his counsel use an opening statement to testify regarding facts that are not (and never will

3

be) in evidence. Such testimonial statements by counsel are completely improper and impermissible.

## C. In Any Event, Evidence About Possible Causes of the Defendant's Addiction Is Not Relevant and Should Be Excluded

Even if the defense were to actually try to introduce such facts into evidence, any evidence regarding the defendant's personal history is not relevant and should be excluded. Specifically, defendant's past life experiences do not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The defendant is charged with multiple tax crimes that occurred from 2016 to 2020, including willful failure to timely pay tax, in violation of 26 U.S.C. Sec. 7203 (Counts 1, 2, 4, and 9); willful failure to timely file a tax return, in violation of 26 U.S.C. Sec. 7203 (Counts 3 and 5); attempted evasion of assessment in violation of 26 U.S.C. Sec. 7201 (Count 6), and willfully filing a false and fraudulent tax return in violation of 26 U.S.C. Sec. 7206 (Counts 7 and 8). Dkt. 1. The defendant's personal history is not relevant to whether he earned income that triggered the requirement to file and whether he owed tax and knew he had an obligation to pay, but nevertheless failed to pay and, instead, use funds on other personal expenses. Id. at ¶¶ 158-159.

Courts routinely prohibit such personal history evidence where, as here, it is not relevant to the elements of the crimes charged. *See, e.g., United States v. Rodriguez*, 971 F.3d 1005, 1020 (9th Cir. 2020) ("Most of [defendant's sister's] expected testimony had little connection to the issues in dispute, and the district court reasonably concluded that [her] testimony would unduly target the sympathies of the jury. For example, [*defendant's*] tumultuous childhood would paint her as a more sympathetic defendant, but it had little to do with her guilt or innocence of the charges."). Indeed, the parties have agreed that this Court should instruct the jury that jurors must "not allow [themselves] to be influenced by… sympathy." Model Crim. Jury Instr. 6.1 (2022 ed.). Any evidence relating to this

topic would therefore be inappropriate and would have the potential to confuse the jury. *See* F.R.E. 403.

Because the defendant's personal history has no relevance to the elements of the charged offenses, any evidence about this should be excluded. And because defense counsel should not be permitted to testify about facts not in evidence, the Court should prohibit defense counsel from testifying about these facts in the defendant's opening statements and summation, as well as any questioning or argument that occurs in the jury's presence. *See* Fed. R. Evid. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.").

## II. CONCLUSION

Accordingly, the government respectfully requests that the Court grant its motion in limine to preclude the defendant and his counsel from making improper statements and argument regarding facts which are not in evidence and specifically to preclude defense counsel from making statements in his opening regarding the defendant's personal or family history, connecting his family history to his addiction, or suggesting that the defendant has stipulated or agreed to facts which he has not.

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

/s/_____
Leo J. Wise
Principal Senior Assistant Special Counsel

Derek E. Hines
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA