DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6091
    E-mail:    Leo.Wise@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-cr-00599-MCS |
|---|---|
| Plaintiff, | **GOVERNMENT'S SUPPLEMENT TO FIRST MOTION IN LIMINE TO PRECLUDE PROPOSED DEFENSE EXPERT JOSHUA LEE** |
| v. | |
| ROBERT HUNTER BIDEN, | |
| Defendant. | Hearing Date: AUGUST 21, 2024<br>Hearing Time: 1:00 p.m.<br>Location: Courtroom of the Hon. Mark C. Scarsi |

      Plaintiff United States of America, by and through its counsel of record, hereby files this supplement to its Motion in Limine to preclude the defendant from calling his proposed expert, Joshua Lee, to testify at trial. Defense counsel has belatedly updated Dr. Lee's expert disclosure, but his latest disclosure continues to be as deficient as his earlier one. Given that the defendant has now taken two bites at the apple and—despite having months to do so—has still failed to meet the requirements under Federal Rule of Criminal

Procedure 16 and Federal Rule of Evidence 702, the Court should exclude Dr. Lee's testimony.

Dated: August 6, 2024  Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/ _____
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

In its motion in limine, the government explained the myriad reasons why Dr. Joshua Lee's May 20, 2024 expert disclosure failed to meet the requirements of both Federal Rule of Criminal Procedure 16 and Federal Rule of Evidence 702. *See* Gov't's First Motion in Limine to Preclude Proposed Defense Expert Joshua Lee ("First Mot. in Limine"), ECF 144. The defense has purported to update Dr. Lee's disclosure, which is now untimely. However, the updated notice merely adds three bullet points of potential topics of testimony—not any actual opinions—and fails to address a single one of the deficiencies raised in the government's motion in limine.

The only changes in the defendant's updated late notice are the addition of three topics about which Dr. Lee may testify:

- An analysis of how individuals, like Mr. Biden, who have experienced significant personal trauma, are at an increased risk of developing drug and alcohol use disorders.
- An analysis of how family members of persons with substance use disorders typically continue to question a person's sobriety, even when they actually are not using drugs, creating an atmosphere of distrust, and further compromising the person's recovery.
- An analysis of how the cycles of sobriety, recovery, and rehabilitation also impact a substance abuser's view that they are not "addicts" at any given time.

Updated Notice of Joshua Lee at 2 (Attached hereto as Exhibit 1). These three topics appear to be copied and pasted directly from the updated expert notice for Dr. Aoun, a different expert, in the defendant's trial in the District of Delaware. *See* Ex. 1 to Def.'s Opp. to the Special Counsel's Mot. to Exclude Proposed Defense Experts, *United States v. Biden*, No. 23-cr-61 (MN) (D. Del. May 28, 2024), ECF 184-1 at 2-3 (Bullet points 1, 5, & 7) (Attached hereto as Exhibit 2). As the government noted in its motion before this Court, the Delaware court excluded Dr. Aoun under Rule 16 and Fed. R. Evid. 702

because, among other reasons, his notice was "nothing more than a listing of several assertions accompanied by some handwaving that those should be accepted as expert opinion simply because the speaker is an expert." *See* Memorandum Order, *United States v. Biden*, No. 23-cr-61 (MN) (D. Del. June 2, 2024), ECF 206 at 5-6 (Attached hereto as Exhibit 3). That conclusion applies equally here. *See id*. at 2-6. The only modification that the defendant has made in his late notice here is adding the words "An analysis of…" before each assertion, but that minor semantic change does not alter the conclusion that the defendant's late notice fails to comply with both Rule 16 and Fed. R. Evid. 702.

Indeed, for similar reasons to those explained in the government's motion in limine filed on July 31, 2024, the three additional topics fall well short of the requirements of Rule 16 and Fed. R. Evid. 702. Like the first five topics in the previous notice from May 20, 2024, none of these three general assertions *actually state what Dr. Lee's opinion is*. *See* Exhibit 1 at 2. Nor does the late notice make any attempt to offer the "bases and reasons" for any undisclosed opinions related to these general topics, as Rule 16 requires. *See* Fed. R. Crim. Pro. 16(b)(1)(c)(iii). Given this, as well as all of the other reasons described in the government's motion in limine, *see* First Mot. in Limine at 3-7, the notice still fails to comply with Rule 16.

The three additional late noticed topics are also clearly irrelevant to the issues in this case, further demonstrating why Dr. Lee's exclusion is also warranted under Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) (experts who do not "help the trier of fact to understand the evidence or to determine a fact in issue" should be excluded). This is evinced by the fact that the defendant lifted these topics directly from his trial in the District of Delaware, which involved entirely different charges and a different expert. The circumstances surrounding the defendant's drug addiction— including whether he was at an "increased risk" of becoming an addict, whether his family members "continue[d] to question" his sobriety, and whether the "cycles" of addiction impacted his view of himself—do not have anything to do with the elements of the tax offenses charged in this case. *See* 26 U.S.C. §§ 7201, 7203, 7206. The three additional

topics all relate to whether the defendant was an unlawful user of or addicted to a controlled substance, which was at issue in the Delaware case, but is not at issue here.

More specifically, first, "[a]n analysis of how individuals, like Mr. Biden, who have experienced significant personal trauma, are at an increased risk of developing drug and alcohol use disorders," does not aid the jury in deciding the elements of the offenses charged in this case. Unlike the case in Delaware, the government does not have to prove that the defendant had "drug and alcohol use disorders." And in any event, the jury here will not have to decide whether he had "an increased *risk* of developing drug and alcohol use disorders," because the evidence at trial will show that he was using drugs and alcohol in 2016, 2017, 2018 and until the summer of 2019 when he finally got sober.

Second, "[a]n analysis of how family members of persons with substance use disorders typically continue to question a person's sobriety, even when they actually are not using drugs, creating an atmosphere of distrust, and further compromising the person's recovery," relates only to the Delaware case. In that case, the government introduced evidence that family members questioned the defendant's sobriety during the time period when he illegally purchased and possessed a firearm. The government does not plan to introduce that evidence here because whether or not family members questioned his sobriety has nothing to do with whether he filed and paid his taxes for tax years 2016 to 2019 or whether he filed false tax returns and committed tax evasion for tax year 2018.

Third, "[a]n analysis of how the cycles of sobriety, recovery, and rehabilitation also impact a substance abuser's view that they are not 'addicts' at any given time," again relates only to whether the defendant viewed himself as an addict when he illegally purchased a firearm in October 2018—an element of the gun charge in Delaware—and not to any of the tax charges in this case. The government will introduce evidence that the defendant was using drugs from 2016 through summer 2019. That will not be in dispute, so whether he viewed himself as an addict is irrelevant. While the defendant has requested diminished capacity jury instructions, this instruction does not rely on a finding by the jury that the defendant was an addict. Rather, it applies only if the evidence shows that the

1  defendant "may have been intoxicated at the time that the crimes charged" were
2  committed. *See* Ninth Circuit Model Criminal Jury Instructions, No. 5.11 (2022 ed.).
3  Further, that instruction defines intoxication as "being under the influence of alcohol or
4  drugs or both," but, again, this does not turn on whether the defendant saw himself as an
5  addict. *Id*. Accordingly, for the reasons stated in the government's motion in limine as
6  well as these additional reasons, the Court should exclude Dr. Lee's testimony.