DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6091
    E-mail: Leo.Wise@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-cr-00599-MCS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S FIRST MOTION IN LIMINE TO EXCLUDE STATEMENTS HE MADE AT THE JULY 26, 2023 HEARING IN DELAWARE |
| v. | |
| ROBERT HUNTER BIDEN, | |
| Defendant. | |
| | PTC Date: August 21, 2024 |
| | Hearing Time: 1:00 p.m. |
| | Location: Courtroom of the Hon. Mark C. Scarsi |

    Plaintiff United States of America, by and through its counsel, hereby opposes defendant's motion in limine to exclude statements he made at the July 26, 2023 plea hearing in Delaware (ECF 160).

//

//

//

This opposition is based upon the attached memorandum of points and authorities, the filings and records in this case, and any further argument as the Court may deem necessary.

Dated: August 7, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

LEO J. WISE
Principal Senior Assistant Special Counsel

_____
DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

The United States, by and through undersigned counsel, respectfully submits this Response to defendant's motion in limine, ECF 160. The government previously advised the defendant that the government does not intend to introduce the defendant's statements from the July 26, 2023, hearing <u>outside the limits of Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410</u>. Statements made in plea negotiations and colloquies later withdrawn are only admissible for limited purposes as set forth in those rules. The defendant cites Fed. R. Crim. P. 11(f) which states only that "[t]he admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410." But Fed. R. Evid. 410(b) provides that "[t]he court **may** admit [plea negotiation statements or plea hearing statements] in any proceeding in which another statement made during the same plea or plea discussions has been introduced, if in fairness the statements ought to be considered together" or "in a criminal proceeding for perjury or false statement, if the defendant made the statement under oath, on the record, and with counsel present."

Because the relief the defendant requests—the exclusion of "any" statements—is broader than Federal Rule of Evidence 410(b), the government asks the Court to deny his motion in part and enter an order which conforms with the Rules.