1  DAVID C. WEISS
2  Special Counsel
   LEO J. WISE
3  Principal Senior Assistant Special Counsel
   DEREK E. HINES
4  Senior Assistant Special Counsel
5       950 Pennsylvania Avenue NW, Room B-200
        Washington, D.C. 20530
6       Telephone:    (771) 217-6091
7       E-mail:       LJW@USDOJ.GOV, DEH@USDOJ.GOV
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12
13 UNITED STATES OF AMERICA,          No. CR 23-cr-00599-MCS

14              Plaintiff,            **GOVERNMENT'S OPPOSITION TO**
                                      **DEFENDANT'S MOTION TO**
15              v.                    **DISMISS THE INDICTMENT**
16
   ROBERT HUNTER BIDEN,
17
18              Defendant.
19

20      The United States of America, by and through its counsel of record, hereby

21 submits this opposition to the defendant's motion to dismiss the indictment, contained in

22 "Defendant's Notice of Pardon."  (ECF No. 236).  The defendant's motion should be

23 denied since there is no binding authority on this Court which requires dismissal.

24 //

25 //

26 //

27 //

28 //

                              1

Dated:    December 2, 2024                    Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## **MEMORANDUM OF POINTS AND AUTHORITIES**

On December 1, 2024, media outlets reported that the President had issued a pardon for the defendant. Shortly thereafter, defense counsel filed "Defendant's Notice of Pardon." The defendant did not attach the pardon to its filing and the government has not received a copy of it. In that filing, defense counsel asserted, without any legal support that, "a Full and Unconditional Pardon [] requires dismissal of the Indictment against him," and further that the pardon "requires an automatic dismissal of the Indictment with prejudice." Notice at 1. Defense counsel misrepresents the law. Nothing requires the dismissal of the indictment in this case. In *United States v. Steven Bannon*, the defendant moved to dismiss the indictment pending against him after receiving a presidential pardon. The Government took the following position, which this opposition is consistent with:

> The Government does not dispute that the pardon, which has been docketed by the Court, *see* Dkt. No. 79, ends the prosecution as to Bannon under Indictment 20 Cr. 412. However, the Government respectfully submits that there is neither a need for an order dismissing the Indictment nor any authority mandating such an outcome on these facts. Instead, the Government submits that the Court can and should direct the Clerk of Court to terminate Bannon as a defendant in this case and have the docket sheet reflect the pardon as the disposition of his charges. If the Court is inclined to dismiss the Indictment as to Bannon, the Government respectfully submits that any order of dismissal should conform to the language and scope of the pardon.

While—as Bannon's motion itself notes—courts have not acted uniformly in ending a case against a pardoned defendant, there is no question that the Court may simply terminate Bannon from the case based on the docketed pardon. *See, e.g.*, *United States v. Urlacher*, No. 20 Cr. 111 (N.D. Ill. Feb. 8, 2021) (Dkt. No. 142) (terminating all motions and pending charges as to a defendant pardoned prior to being convicted); *United States v. Golestaneh*, No. 13 Cr. 160 (D. Vt. Jan. 19, 2016) (Dkt. No. 42) (docketing

a presidential pardon for a defendant who had not been sentenced and notating on the docket sheet that the case against the defendant had been "terminated" and charges were disposed of by "a full pardon granted"). Moreover, where courts have entered orders dismissing the indictment, including in many of the cases cited by Bannon, those orders have generally been entered with the consent of the Government and in cases involving single defendants. Those facts are obviously not present here, and to the contrary, the charges and forfeiture allegations remain pending as to the three co-defendants. Notwithstanding Bannon's stated preference for an order of dismissal, his motion neither cites to any controlling authority requiring such a dismissal nor does he indicate why simply terminating him from the case would be insufficient.

*United States v. Bannon*, No 20 Cr. 412 (AT), D.E. 106.  Here, the Government does not consent to dismissal.

The court in *Bannon* found that, "[n]either the Government nor Bannon has cited authority binding on this Court as to whether the correct course is to 'administratively terminate' Bannon, or to dismiss the Indictment against him."  *Id*. at D.E. 117.  The court further noted that "the majority of courts, when faced with such a decision, have *chosen* to dismiss an indictment …" and, in that case, the court chose to do so.  In addition to citing decisions where a court chose to do so, the *Bannon* court also cited *United States v. Urlacher*, No. 20 Cr. 11-8 (N.D. Ill. Feb. 8, 2021) where the indictment was not dismissed. In that case, the court issued an order that said the following:

ORDER as to Casey Urlacher: In light of the Grant of Clemency filed on February 5, 2021 (docket [139]) the Clerk is directed to: 1) terminate all motions as to Casey Urlacher; and 2) administratively terminate all pending charges against Casey Urlacher as January 19, 2021 pursuant to the Grant of Clemency.

4

*United States v. Urlacher*, No. 20 Cr. 11-8 (N.D. Ill. Feb. 8, 2021), ECF 142.  In *United States v. Cartwright*, a case like the present one where the defendant was pardoned after pleading guilty but before sentencing, the court issued a similar order that said the following:

THE COURT ORDERS:

> Pursuant to an Executive Grant of Clemency signed by President Barack Obama, dated January 17, 2017, Mr. Cartwright is pardoned for the offense charged in the Information filed under the above-referenced docket number in the United States District Court for the District of Columbia and for all offenses committed by him arising from the facts set forth in the Information and Statement of Offense filed under that docket number.



Richard J. Leon
United States District Judge



Date

**FILED**

JAN 2 5 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

*United States v. Cartwright*, No. 16-188, (D.D.C. Jan. 25, 2017), D.E. 22.  In neither case was the indictment subsequently dismissed.

As a matter of past-practice in this district, courts do not dismiss indictments when pardons are granted.  *See United States v. Bernadette Faustino*, 19-121 (C.D.Ca.), *United States v. Stephen Lee Arrington*, 82-910 (C.D.Ca.); *United States v. Edward Casas*, 00-834 (C.D.Ca.); *United States v. Ralph Allen Hoekstra*, 04-934 (C.D.Ca.); *United States v. John Frederick McNeely, Jr.*, 70-6112 (C.D.Ca.); and *United States v. Robert Warden*, 72-11484 (C.D.Ca.).  Rather, in each of the most recent cases where pardons have been granted by former President Obama and former President Trump, the United States District Court for the Central District of California has not dismissed the indictment. Instead, it has been the practice of this court that once an Executive Grant of Clemency has been filed on the docket, the docket is marked closed, the disposition entry is updated to reflect the executive grant of clemency, and no further action is taken by the Court.

The logic for why courts in this district, and in other districts, do not dismiss indictments following a grant of clemency is sound.  The D.C. Circuit's decision in *United States v. Flynn*, explains:

> As Chief Justice Marshall wrote, "[a] pardon is an act of grace, proceeding from the power intrusted with the execution of the laws, which exempts the individual on whom it is bestowed, from the punishment the law inflicts *for a crime he has committed.*" *United States v. Wilson*, 32 U.S. 150, 150, 7 Pet. 150, 8 L.Ed. 640 (1833) (emphasis added). In other words, "a pardon does not blot out guilt or expunge a judgment of conviction." *In re North*, 62 F.3d at 1437. Furthermore, a pardon cannot "erase a judgment of conviction, or its underlying legal and factual findings." *Arpaio*, 2017 WL 4839072, at \*1 (citing *United States v. Crowell*, 374 F.3d 790, 794 (9th Cir. 2004)); *but see Schaffer*, 240 F.3d at 38 (vacating "all opinions, judgments, and verdicts of this court and the District Court" where "[f]inality was never reached on the *legal question* of [the defendant's] guilt" (emphasis added)).

507 F. Supp. 3d 116, 136 (D.D.C. 2020).  Specifically, as to whether a pardon must, as the defendant wrongly claims, result in the dismissal of an indictment, the D.C. Circuit's decision in *In re North*, explains why it does not:

> An indictment establishes probable cause that the accused has committed a crime. Guilt can be established only by a much higher standard, proof beyond a reasonable doubt.
>
> Because a pardon does not blot out guilt or expunge a judgment of conviction, one can conclude that a pardon does not blot out probable cause of guilt or expunge an indictment.

62 F.3d 1434, 1437 (D.C. Cir. 1994).  *In re North* is particularly instructive.  In that case a defendant, Clair E. George, former CIA Deputy Director for Operations, requested reimbursement for attorney fees she had incurred as a result of the Iran/Contra investigation conducted by Independent Counsel Lawrence E. Walsh.

*Id*. at 1434. The Ethics in Government Act, which created the Independent Counsel, authorized the award of attorney's fees but only if an individual were *not* indicted. After being indicted, George received a pardon from President George H.W. Bush and applied for a reimbursement of attorneys fees on that basis. In rejecting her claim, the D.C. Circuit held that "The pardon does not blot out guilt or expunge the indictment. Though pardoned, George's disability—the fact of his indictment—remains, preventing the court from awarding him attorneys' fees." *Id*. at 1438. If a pardon did not "expunge the indictment" in that case, it should not do so here. The cases cited by the defendant in his filing do not explain why an indictment should be dismissed following an act of clemency when the act of clemency terminates the criminal case.

More broadly, there is no defect in the indictment or in the process that led to its return that justifies dismissing it. First, it was returned by a lawfully constituted grand jury that is an independent agency of the court. *United States v. Williams*, 504 U.S. 36, 48 (1992) ("The grand jury's functional independence from the Judicial Branch is evident both in the scope of its power to investigate criminal wrongdoing and in the manner in which that power is exercised."). Second, the defendant filed eight (8) motions to dismiss the indictment, making every conceivable argument for why it should be dismissed, all of which were determined to be meritless. Of note, the defendant argued that the indictment was a product of vindictive and selective prosecution. ECF 27. The Court rejected that claim finding that "[a]s the Court stated at the hearing, Defendant filed his motion without any evidence." ECF 67 at 33. And there was none and never has been any evidence of vindictive or selective prosecution in this case. The defendant made similar baseless accusations in the United States District Court for the District of Delaware. Those claims were also rejected. In explaining why, the Delaware court exposed the nonsensical nature of the defendant's selective prosecution claims:

> To the extent that Defendant's claim that he is being selectively prosecuted
> rests solely on him being the son of the sitting President, that claim is belied

by the facts. The Executive Branch that charged Defendant is headed by that sitting President – Defendant's father. The Attorney General heading the DOJ was appointed by and reports to Defendant's father. And that Attorney General appointed the Special Counsel who made the challenged charging decision in this case – while Defendant's father was still the sitting President. Defendant's claim is effectively that his own father targeted him for being his son, a claim that is nonsensical under the facts here. Regardless of whether Congressional Republicans attempted to influence the Executive Branch, there is no evidence that they were successful in doing so and, in any event, the Executive Branch prosecuting Defendant was at all relevant times (and still is) headed by Defendant's father.

*United States v. Hunter Biden*, Cr. No. 23-61-MN (D.DE. April 12, 2024) D.E. 99 at 8. The court similarly found his vindictive prosecution claims unmoored from any evidence or even a coherent theory as to vindictiveness:

Yet, as was the case with selective prosecution, the relevant point in time is when the prosecutor decided to no longer pursue pretrial diversion and instead indict Defendant. Whether former administration officials harbored actual animus towards Defendant at some point in the past is therefore irrelevant. This is especially true where, as here, the Court has been given no evidence or indication that any of these individuals (whether filled with animus or not) have successfully influenced Special Counsel Weiss or his team in the decision to indict Defendant in this case. At best, Defendant has generically alleged that individuals from the prior administration were or are targeting him (or his father) and therefore his prosecution here must be vindictive. The problem with this argument is that the charging decision at issue was made during this administration – by Special Counsel Weiss – at a time when the head of the Executive Branch prosecuting Defendant is Defendant's father. Defendant has offered nothing credible to support a

finding that anyone who played a role in the decision to abandon pretrial diversion and move forward with indictment here harbored any animus towards Defendant. Any claim of vindictive prosecution based on actual vindictiveness must fail.

*Id*. at 17.

The defendant appealed the denial of his motions in this case to the Ninth Circuit and his denial of his motions in the District of Delaware case to the Third Circuit. *See United States v. Robert Hunter Biden*, 24-2333, Doc. No 16.1 (9th Cir., May 14, 2024) (order dismissing appeal by Judge William Canby, Judge Atsushi Tashima, and Judge Lucy Koh); *United States v. Robert Hunter Biden*, 24-1703, Doc. No. 17-1 (3rd Cir., May 9, 2024) (order dismissing appeal by Judge Patty Shwartz, Judge Cindy Chung, and Judge D. Brooks Smith); *United States v. Robert Hunter Biden*, 24-1938, Doc. No. 16-2 (3rd Cir., May 28, 2024) (order dismissing appeal by Judge Thomas M. Hardiman, Judge Cheryl Krause, and Judge Arianna Freeman). In total, eleven (11) different Article III judges appointed by six (6) different presidents, including his father, considered and rejected the defendant's claims, including his claims for selective and vindictive prosecution.

The defendant pled guilty to all the charges in the indictment on September 5, 2024. According to the declaration filed on his behalf, the defendant again acknowledged his guilt in accepting the act of clemency. ECF 236-1; *see Burdick v. United* States, 236 U.S. 79, 94 (1915) ("[A pardon] carries an imputation of guilt; acceptance a confession of it.").

As stated above, the defendant did not docket the pardon nor has the government seen it. If media reports are accurate, the Government does not challenge that the defendant has been the recipient of an act of mercy. But that does not mean the grand jury's decision to charge him, based on a finding of probable cause, should be wiped away as if it never occurred. It also does not mean that his charges should be wiped away because the defendant falsely claimed that the charges were the result of some improper

motive.  No court has agreed with the defendant on these baseless claims, and his request to dismiss the indictment finds no support in the law or the practice of this district.

For the foregoing reasons, the defendant's motion to dismiss the indictment should be denied.